## JAMES REDPATH & another *vs.* WESTERN UNION TELEGRAPH COMPANY.

The sender by telegraph of an unrepeated message, which is written upon a blank of the company having a printed heading in which it is specified that the company shall not be liable for mistakes in the transmission of any unrepeated message beyond the amount received for sending the same, cannot recover a greater amount for a mistake in its transmission, not caused by gross negligence or fraud.

ACTION to recover damages from a telegraph company for a failure to send a message correctly. In the Superior Court, the action was submitted upon an agreed statement of facts. The parties also agreed that if the action could not be maintained for a sum greater than the sum paid for the sending of the message,

judgment was to be entered for the defendant. The court ordered judgment for the defendant, and the plaintiffs appealed. The facts are stated in the opinion of the court.

*J. D. Long*, for the plaintiffs.

*G. S. Hale*, for the defendant.

CHAPMAN, C. J. The plaintiffs sent over the defendant's line, June 23, 1872, a message directed to " Hon. William Parsons, care H. B. Napier, Owego, N. Y." It was written on the usual blanks furnished by the defendant, a copy of the heading of which is as follows :

" The Western Union Telegraph Company. All messages taken by this company subject to the following terms : To guard against mistakes, the sender of a message should order it *repeated ;* that is, telegraphed back to the originating office. For repeating, one half the regular rate is charged in addition. And it is agreed between the sender of the following message and this company, that said company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery of any *unrepeated* message, beyond the amount received for sending the same ; nor for mistakes or delays in the transmission or delivery, or for non-delivery of any *repeated* message, beyond fifty times the sum received for sending the same, unless specially insured ; nor in any case for delays arising from unavoidable interruption in the working of their lines, or for errors in cipher or obscure messages. And this company is hereby made the agents of the sender, without liability, to forward any message over the lines of any other company, when necessary to reach its destination. Correctness in the transmission of messages to any point on the lines of this company can be *insured* by contract in writing, stating agreed amount of risk, and payment of premium thereon at the following rates, in addition to the usual charge for repeated messages, viz. : one per cent. for any distance not exceeding 1000 miles, and two per cent. for any greater distance. No employee of the company is authorized to vary the foregoing. The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message. O. H. Palmer, Secretary. (Thos. T. Eckert, General Superintendent, New York.) William Orton, President."

In a separate line, immediately above the blank for the message, the following is printed : " Send the following message subject to the above terms, which are agreed to."

The plaintiffs did not ask to have the message repeated, which, it is agreed, would have tended to prevent the error hereafter stated ; or to have its correctness insured ; and did not pay any extra charge for having the message repeated or insured ; nor did they give the defendant any information other than that contained in the message.

The despatch was not sent to " Owego, N. Y.," but to " Oswego, N. Y. ; " and Mr. Parsons failed to receive the information given in it. This action is brought to recover damages for the failure to send it correctly.

It is immaterial whether the plaintiffs or their agent read the printed document or not. *Grace* v. *Adams*, 100 Mass. 505. It is sufficient that they assented in writing to its terms, and paid for the sending of a message not insured. The question here is, whether the defendant is liable for the error, notwithstanding the agreement.

The case of *Ellis* v. *American Telegraph Co.* 13 Allen, 226, was quite similar to this. The message was sent subject to conditions similar to those here stated, and no extra fees were paid for repeating it. It was a direction to send " ten men one hundred and twenty-five dollars ; " the error was in stating the sum " one hundred and seventy-five dollars ; " and the arguments for the plaintiff were similar to those urged for the plaintiffs here. The jury in the court below were instructed that, notwithstanding the terms and conditions set forth, the defendants were bound to make use of ordinary care, attention and skill, and were liable to damages arising from inattention or carelessness in such transmission, either to the sender or to the receiver, according to their respective interests in the message ; and that the error in the message was *primâ facie* evidence of want of ordinary care, attention and skill on the part of the defendants. A verdict was returned for the plaintiff, which this court set aside on the ground that the ruling was erroneous. It was held that the liability of the telegraph company was not like that of a common

carrier, and the distinction and the reasons of it are stated ; and that the printed conditions limiting their liability were reasonable and valid.

The error in that case was of the same nature with the error in this case, and did not arise from the state of the atmosphere or the imperfection of instruments. In the statement of facts in this case, there is nothing from which it can be inferred that the defendant was guilty of fraud or gross negligence, or that the error was of such a character that the company could not legally contract for its own protection against liability for it, on such terms as the printed conditions contain.

The case referred to substantially settles this case. But that case does not stand alone. In *MacAndrew* v. *Electric Telegraph Co.* 17 C. B. 3, the message was sent subject to the condition that " this company will not be responsible for mistakes in the trans-mission of unrepeated messages, from whatever cause they may arise." In the transmission of the message, which was unrepeated, " Southampton " was substituted for " Hull." This was a simi-lar mistake to that made here, and the message went to the wrong town. But the court held that the condition was a reasonable one, and afforded an answer to the action for damages. The same principle is sustained in other cases. *Camp* v. *Western Union Telegraph Co.* 1 Met. (Kentucky) 164. *Breese* v. *United States Telegraph Co.* 45 Barb. 274, which was sustained in the Court of Appeals, 48 N. Y. 132. *Wann* v. *Western Union Tel-egraph Co.* 37 Missouri, 472. These and other cases, generally sustaining the same doctrine, but some of them dissenting from it in some particúlars, and most of them considering the ques-tion fully, are found collected in Allen's Telegraph Cases.

It seems to us that one who elects to save the small sum charged for a more extended liability cannot reasonably claim the benefit of it in a business where careful operators are so liable to make mistakes ; and that this principle applies to every stage of deal-ing with the message.    *Judgment for the defendant.*