JOHNSTON *v.* WESTERN UNION TEL. CO.

(*Circuit Court, S. D. Georgia, W. D.* December, 1887.)

TELEGRAPH COMPANIES—LIABILITY OF—PRESENTATION OF CLAIM WITHIN LIMITED TIME.

A telegraph company, on the blank on which messages are sent, had a provision that it would not be liable for damages for errors or delays, unless the claim for the same was presented within 30 days after the message was sent. *Held,* that the provision was unreasonable and void.[1]

At Law. Action on the case. Motion to direct the jury to return verdict for defendant.

John T. Johnston, plaintiff, sued the Western Union Telegraph Company, for damages for failure to deliver a message, in city court, Macon, Georgia; defendant removed the suit to the circuit court of the United States.

*Steed & Wimberly* and *Shotrecker,* for plaintiff.

*Bigby & Dorsey,* for defendant.

---

[1] See Stiles v. Telegraph Co., (Ariz.) 15 Pac. Rep. 712, and note.

SPEER, J. This is an action brought to recover damages claimed for the non-delivery of a half-rate telegraphic message. The suit is brought by the receiver of the telegram. The printed blank upon which the message was written by the sender contains the following printed stipulation:

"This company transmits and delivers messages only on conditions limiting its liability, which have been assented to by the sender of the following message. Errors can be guarded against only by repeating a message back to the sending station for comparison, and the company will not hold itself liable for errors or delays in transmission or delivery of unrepeated night messages sent at reduced rates, beyond a sum equal to ten times the amount paid for transmission; nor in any case where the claim is not presented in writing within thirty days after sending the message. This is an unrepeated night message and is delivered by request of the sender, under the conditions named above. THOS. T. ECKERT, General Manager. "NORVIN GREEN, President."

The defendant company insists that it is entitled to a verdict by direction of the court, because no claim was presented to the company, within the time specified by the printed stipulation quoted. The elaborate and able argument of the learned counsel for the defendant renders it necessary to consider carefully the precedents cited as controlling the rights of the litigants before the court. To support the proposition that a telegraph company may limit its liability by a stipulation brought to the knowledge of those who transmit messages, the following cases are cited: *MacAndrews* v. *Telegraph Co.*, Allen, Tel. Cas. 38; *Redpath* v. *Telegraph Co.*, 112 Mass. 71; *Grinnell* v. *Telegraph Co.*, 113 Mass. 299; *Ellis* v. *Telegraph Co.*, Allen, Tel. Cas. 306; *Young* v. *Telegraph Co.*, Id. 708; *Breese* v. *Telegraph Co.*, Id. 663; *De Rutte* v. *Telegraph Co.*, Id. 273; *Passmore* v. *Telegraph Co.*, 78 Pa. St. 238; *Harris* v. *Telegraph Co.*, 9 Phila. 88; *Wolf* v. *Telegraph Co.*, Allen, Tel. Cas. 463; *Telegraph Co.* v. *Carew*, Id. 345; *Camp* v. *Telegraph Co.*, Id. 85; *Manville* v. *Telegraph Co.*, 37 Iowa, 214; *Birney* v. *Telegraph Co.*, Allen, Tel. Cas. 195; *Sweatland* v. *Telegraph Co.*, Id. 471; *Wann* v. *Telegraph Co.*, Id. 261; *Telegraph Co.* v. *Gildersleve*, Id. 390; *Graham* v. *Telegraph Co.*, Id. 578; *Telegraph Co.* v. *Buchanan*, 35 Ind. 429; *Aiken* v. *Telegraph Co.*, 5 Rich. (N. S.) 358; *Schwartz* v. *Telegraph Co.*, 18 Hun, 157; *Becker* v. *Telegraph Co.*, (Neb.) 7 N. W. Rep. 868; *Telegraph Co.* v. *Neill*, 57 Tex. 283; *Baxter* v. *Telegraph Co.*, 37 U. C. Q. B. 470.

For the proposition that the use of the blank upon which the regulations and stipulations are printed, will charge the sender with notice, the defendant relies upon, *Breese* v. *Telegraph Co.*, Allen, Tel. Cas. 663; *Young* v. *Telegraph Co.*, Id. 708; *Redpath* v. *Telegraph Co.*, 112 Mass. 71; *Grinnell* v. *Telegraph Co.*, 113 Mass. 299; *Wolf* v. *Telegraph Co.*, Allen, Tel. Cas. 463; *Becker* v. *Telegraph Co.*, (Neb.) 7 N. W. Rep. 868; *Telegraph Co.* v. *Carew*, Allen, Tel. Cas. 345; *Sweatland* v. *Telegraph Co.*, Id. 471; *Schwartz* v. *Telegraph Co.*, 18 Hun, 157; *Telegraph Co.* v. *Neill*, 57 Tex. 283.

To show that it is competent and proper for a telegraph company to incorporate in the blank a stipulation requiring claims for losses to be

presented to the company within 30 days the defendant's counsel cited and discussed the following cases: Gray, Tel. 62; *Heimann* v. *Telegraph Co.*, 57 Wis. 562, 16 N. W. Rep. 32; note of same case in Chic. Law J. 269; *Express Co.* v. *Caldwell*, 21 Wall. 264.

And to show that the rule applies as well to the consignee as to the consignor, the following: *Cole* v. *Telegraph Co.*, 8 Amer. & Eng. Corp. Cas. 45; *Telegraph Co.* v. *Jones*, Id. 47; *Telegraph Co.* v. *Meredith*, Id. 54; *Telegraph Co.* v. *Jones*, 48 Amer. Rep. 713, 95 Ind. 228; *Aiken* v. *Telegraph Co.*, 5 Rich. (N. S.) 358, same case in Digest of Cases, p. 50; *Wolf* v. *Telegraph Co.*, Allen, Tel. Cas. 463; *Young* v. *Telegraph Co.*, Id. 708.

It is not to be denied that these authorities tend to sustain the several propositions of the defendant. On the other hand, it is insisted, that this is a suit in the state court brought against a foreign corporation doing business in Georgia, and removed under the act of congress into this court, and that the question debated must be determined with close regard to the policy of the law as outlined by statute, and decided by the court of last resort in this state. It is true that the positive local statutes and the decisions construing them in a state where a federal court has jurisdiction, forms a rule by which it is governed in civil actions at common law, where such actions do not arise under the laws of the United States. *Livingston* v. *Moore*, 7 Pet. 469; *Pennington* v. *Gibson*, 16 How. 69. This rule, however, is not applicable when the suit is between citizens of different states, and the question in dispute is one of general jurisprudence. In such cases the parties are entitled to the independent judgment of the federal court. *Railroad Co.* v. *Lockwood*, 17 Wall. 357; *Chicago* v. *Robbins*, 2 Black, 418; *Railroad Co.* v. *Bank*, 102 U. S. 14; *Hough* v. *Railroad Co.*, 100 U. S. 213; *Railroad Co.* v. *Myrick*, 107 U. S. 109, 1 Sup. Ct. Rep. 425; *Burgess* v. *Seligman*, 107 U. S. 20, 2 Sup. Ct. Rep. 10; *Insurance Co.* v. *Broughton*, 109 U. S. 121, 3 Sup. Ct. Rep. 99.

We are remitted then, so far as decided cases will control, in the determination of this question to those decisions upon this much mooted question which are entitled to the highest consideration. The question is, can a telegraph company by special contract limit its common-law liability, and can it stipulate for exemption from the consequences of its own or its servants' negligence? In *Hart* v. *Railroad Co.*, 112 U. S. 338, 5 Sup. Ct. Rep. 151, the supreme court of the United States quote with approval the propositions announced in *Railroad Co.* v. *Lockwood*, 17 Wall. 357, and *Express Co.* v. *Caldwell*, 21 Wall. 264. The principle deducible from these cases, is that while by contract the corporation may in certain cases limit its liability, the claim of the company for exemption from liability must rest upon the reasonableness and fairness of the stipulation to that purport in the contract; and this court, as it is bound to do, cheerfully adopts the wise and equitable conclusion thus announced. The supreme court seems to consider telegraph companies as standing upon a similar basis with common carriers, as to this question; and the statute of Georgia (Code, 2068,) provides that common carriers cannot limit their legal liability by any notice given either by publication or by entry on receipts given or tickets sold, but may by express contract.

This statute was not mentioned in the argument; but, whether controlling or not, it indicates the policy of this state, as do several decisions of its court of last resort. *Blanchard* v. *Telegraph Co.*, 68 Ga. 299; *Telegraph Co.* v. *Shotter*, 71 Ga. 760; *Same* v. *Fatman*, 73 Ga. 285. Now, it is held that regulations which contravene the constitutional law or public policy of the place where they are set up are unreasonable. *Bartlett* v. *Telegraph Co.*, 62 Me. 209–213; *True* v. *Telegraph Co.*, 60 Me. 9–11; *Telegraph Co.* v. *Graham*, 1 Colo. 230; *Telegraph Co.* v. *Reynolds*, 77 Va. 173; *Ellis* v. *Telegraph Co.*, 13 Allen, 226. Is a stipulation which has the effect to preclude from his right of action the person to whom a prepaid telegram is directed, and to whom it has never been delivered, no matter how gross the negligence of the telegraph company may be, a reasonable regulation? In the opinion of this court it is clearly unreasonable, and, besides, contrary to general public policy. He must present his claim in writing, in 30 days from the time the telegram is sent; but the failure of the company to deliver it deprives him, perhaps, of all notice that a telegram has been sent to him. How then can he be expected to make a claim for damages when he may be unconscious of the injury done him? If the stipulation is valid, the telegraph company can very readily defeat all redress by holding the telegram for 30 days after it is sent. Take this case: The plaintiff, assuming *ex gratia exempli* his statements to be true, is a farmer who lives six miles in the country; he has business negotiations important to him, but unimportant perhaps to his correspondents in Omaha; he leaves his address at the telegraph office; he calls repeatedly for his telegram; he is informed there is nothing for him; the telegraph company wires the Omaha firm that there is no such man as the plaintiff; they drop the matter; not receiving his telegram, he drops it; after the expiration of 30 days he discovers the injury done him. Would any court of justice hold that it would be reasonable under such circumstances to deny his right of action? And yet if the 30-days stipulation is valid at all, it would be valid in that case. Such a stipulation would be especially unreasonable where the company, because of its monopoly, has the power to deprive the citizen of the means of telegraphic communication, unless he will subscribe to its regulations, however unreasonable. I cannot recognize the doctrine as insisted by defendant's counsel, and the case must be determined upon the facts and other rules of law involved.