(8 Misc. Rep. 217.)

### RILEY v. WESTERN UNION TEL. CO.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

TELEGRAPH COMPANIES—LIMITATION OF LIABILITY.

> A condition, of which the sender of a message has notice, limiting the liability of a telegraph company for delay in delivering the message to the sum paid for its transmission, constitutes a contract between the parties; and, in the absence of gross negligence or willful misconduct on the part of the company, there can be no recovery against it beyond such amount.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by James Riley against the Western Union Telegraph Company for damages for delay in transmitting and delivering a telegraphic message. From an order of the city court (26 N. Y. Supp. 532) reversing a judgment entered on a verdict in favor of plaintiff, and directing a new trial, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

L. J. Morrison, for appellant.

Rush Taggart and David D. Duncan, for respondent.

PRYOR, J. If it be obvious on the record that the order granting a new trial was for error of law only, our jurisdiction to entertain the appeal is unquestionable. McEteere v. Little, 8 Daly, 167. On the back of the blank form which the plaintiff filled up with his message was a stipulation that, for delay in delivering it, the defendant should be liable only to the amount paid for the message.

Of this condition of the defendant's responsibility the plaintiff had notice when he dispatched the message. His contract, therefore, was that, in the absence of gross negligence or willful misconduct on the part of the company, its liability should be only for the sum paid for the message. Pearsall v. Telegraph Co., 124 N. Y. 256, 26 N. E. 534; Kiley v. Telegraph Co., 109 N. Y. 231, 16 N. E. 75. For that sum the trial court was requested, but refused, to direct a verdict, and was requested, but refused, to charge that such sum was the limit of the defendant's liability. These refusals to direct and to charge constitute the specific error for which a new trial was ordered by the general term of the court below. The sum paid for the message was 25 cents; the amount of the verdict was $234.50. Manifestly, we have but to inquire whether the case exhibits evidence sufficient in law to authorize a finding that the delay in the delivery of the message was due to gross negligence or willful misconduct. If there was such evidence, the ruling of the trial court was correct; if there was not such evidence, the ruling was error. Bearing in mind the now settled and familiar rule that a scintilla of evidence is not enough to uphold a verdict, we concur with the general term below that the proof was altogether inadequate to warrant the inference that the delay in the transmission of the message was the effect of gross negligence or willful misconduct. The ruling, therefore, of the learned trial judge, in refusing the direction and the charge, was error,—was error in law, and was error of palpable prejudice to the defendant. The order must be affirmed, and judgment absolute rendered against the plaintiff on his stipulation, with costs. All concur.