(3 App. Div. 60.)

### DIXON v. WESTERN UNION TEL. CO.

(Supreme Court, Appellate Division, Fourth Department. February, 1896.)

TELEGRAPH COMPANIES—LIMITING LIABILITY—GROSS NEGLIGENCE.
   A telegraph company cannot, by contract, limit its liability for gross negligence or willful misconduct in transmitting messages.

Appeal from circuit court, Ontario county.

Action by Edward S. Dixon against the Western Union Telegraph Company. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Action to recover damages for alleged negligence of defendant in receiving and delivering a telegraphic message. On or about November 18, 1891, F. G. Brennisen & Son, commission merchants and produce dealers in Buffalo, made inquiry by mail of the plaintiff, a produce and commission merchant at Halls, as to the price at which the plaintiff would sell that firm a quantity of apples then owned by, and in possession of, plaintiff, at Halls. In response to such inquiry, the plaintiff delivered to defendant, at its office, at Stanley, N. Y., for transmission, a message in writing, as follows:

"Halls, N. Y., 11–18–91.

"To F. G. Brennisen & Son; Buffalo, 44 West Market, 103 Michigan Street: One dollar fifty, freight thirteen cents. Answer quick.          E. S. Dixon."

This message was written on one of the ordinary blanks of the company, which contained this language. "All messages taken by this company are subject to the following terms: To guard against mistakes or delays, the sender of a message should order it repeated; that is, telegraph back to the originating office for comparison. For this, one-half the regular rate is charged in addition. It is agreed between the sender of the following message and this company that said company shall not be liable for mistakes or delays in the transmission or delivery or for nondelivery of any unrepeated message, whether happening by negligence of its servants or otherwise, beyond the amount received for sending the same. The company will not be liable for damages in any case where the claim is not presented in writing within sixty days after sending the message." At the time of such delivery, plaintiff paid to defendant the regular toll for transmitting such message, being the sum of 25 cents. Plaintiff did not order it repeated. The message was plainly written, and promptly and accurately sent by defendant's agent at Stanley to the office of defendant at Buffalo. This message, when received at Buffalo, contained also the figure "8" on its face, to indicate, as was the custom of defendant, the number of words, besides the date, direction, and signature, contained therein. The agent and operator of defendant at Buffalo, in taking and transcribing such message, omitted the word "fifty," and delivered the message thus altered to Brennisen & Son. The message as delivered contained but seven words, although the figure "8" appeared thereon, indicating that, when received at Buffalo, it contained eight words. Brennisen & Son received the message in its altered condition, accepted the proposition as contained therein, and immediately telegraphed plaintiff to ship two car loads of apples to that firm, which the plaintiff did, on the same day. The two car loads contained 401 barrels of apples, and were consigned to the buyers at Buffalo, and soon thereafter plaintiff drew upon them for the sum of $601.50, being the price therefor at $1.50 per barrel. Payment of draft was refused, and same returned to plaintiff by Brennisen & Son, for the reason that it did not represent or call for the amount the purchasers claimed they had agreed to pay for the apples. Explanation was requested and given, and the mistake was discovered. In the meantime the apples were received at Buffalo, and the same were shortly thereafter placed in cold storage, and kept therein until afterwards disposed of in lots, the last of which were not sold until the following April. After issue joined herein, trial was had, at the Ontario circuit. At the close of the evidence, it was, by stipulation, taken from the consideration of the jury, and submitted to the justice presiding at the trial, for his decision. Thereafter he rendered his decision in favor of the plaintiff, and ordered judgment for the sum of $247.66, with interest from November 18, 1891, with costs; and thereupon the judgment appealed from was entered.

Argued before FOLLETT, ADAMS, WARD, and GREEN, JJ.

Peter H. Van Auken, for appellant.

John Gillette, for respondent.

GREEN, J. Plaintiff claims he is not bound by conditions and stipulations indorsed on the message, because, as he claims, he did not know they were the conditions of sending a message. It appears, however, from his evidence, that he had used such blanks, in sending messages, for 25 or 30 years, extending down to the time of the trial; that, during that period, he sent from 25 to 50 messages a month. He testified that, although he had used this blank for more than 25 years, he never had read the printed conditions thereon; that he did not know that they were the conditions of sending a message, nor that they were put there as a regulation of the company; that he did not, after 25 years' use of such blanks, know that he sent his messages subject to such conditions; but that he saw them very frequently, and could have read them if he chose so to do. The plaintiff sent the message upon a blank containing the condi-

tions and regulations of the company. He voluntarily signed and executed that contract, and had full opportunity of information as to its contents, and cannot avoid it on the grounds of his negligence or omission to read it, or to avail himself of such information. If he omitted to read the contract, or become informed of its terms and conditions, it was his own fault. Breese v. Telegraph Co., 48 N. Y. 132, 139; Bennett v. Telegraph Co. (Sup.) 2 N. Y. Supp. 365; Kiley v. Telegraph Co., 109 N. Y. 231, 16 N. E. 75; Primrose v. Telegraph Co., 154 U. S. 1, 20, 14 Sup. Ct. 1098.

Yet, notwithstanding plaintiff assented to those conditions and stipulations, the company was not thereby released from performing upon its part the covenants and agreements to be by it performed, if it was guilty of gross negligence in the transaction. A telegraph company, incorporated under the general telegraph act, may, by contract, limit its liability for mistakes or delays in the transmission and delivery or for nondelivery of messages, caused by negligence of its servants, if the negligence be not gross, to the amount received for sending the dispatch; but such company cannot, by notice, limit its liability in this respect by any form of contract when its negligence is gross or its conduct willful. Kiley v. Telegraph Co., 109 N. Y. 236, 16 N. E. 75; Pearsall v. Telegraph Co., 124 N. Y. 256, 26 N. E. 534; Mowry v. Telegraph Co., 51 Hun, 126, 4 N. Y. Supp. 666. The learned justice before whom the case was tried finds, as matter of fact, that the defendant was grossly negligent in the receipt and delivery of the message in question. There is evidence amply sufficient to sustain this finding. There is evidence also tending to show that plaintiff presented his claim for damages to the company, pursuant to the terms and conditions of the contract. That, within the period of time prescribed by the terms of the contract, the company had notice of plaintiff's claim, cannot be disputed; for it appears from the evidence of the defendant itself that within ten days or two weeks from the time of sending this dispatch, and the receipt of the same at Buffalo, the defendant, through its officers and agents, tendered to the plaintiff the sum of 25 cents, in payment of his loss occasioned by such negligent delivery of this message, showing, conclusively, that notice of plaintiff's claim had come to the company.

Defendant further insists that it is exonerated from liability because neither the company nor its agent had knowledge, or means of knowledge, of the special purpose of the plaintiff, and that the message did not disclose it. This claim is not tenable. The message, upon its face, plainly indicated a business transaction; and that it was important also appeared upon the face of the message. It was not only sent by telegraph, but the message itself bore an injunction to the receivers to "answer quick." The record discloses no exception by the defendant that raises the question as to whether the true rule for the measure of damages in this case was adopted by the learned justice in arriving at the amount of damages. So far as appears from the record, both parties have acquiesced in the rule adopted, and therefore no necessity arises for discussing that subject.

.We are satisfied that the exceptions taken by defendant disclose no error entitling it to a reversal of the judgment. The judgment should be affirmed, with costs. All concur.

Judgment affirmed, with costs.