FLORA RHYNE v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 3 December, 1913.)

**Telegraphs—Telegrams—Stipulations Limiting Liability.**

> A stipulation on the back of a telegram limiting the liability
> of telegraph company, which received it for transmission and
> delivery, to a sum not exceeding $50, whether it may be negli-
> gent or not in its duties, unless a greater value is stated in
> writing thereon, and an additional sum paid or agreed to be
> paid in proportion to its greater value, is void.

APPEAL by defendant from *Justice, J.,* at July Term, 1913, of
McDOWELL.

Civil action tried upon these issues:

1. Was the defendant guilty of negligence in respect to the
transmission and delivery of the telegram to Flora Rhyne, as
alleged in the complaint? Answer: Yes.

2. What damage, if any, has the plaintiff sustained on account
of mental anguish, caused by such negligence? Answer: $500.

From a judgment for the plaintiff, the defendant appealed.

*Pless & Winborne for plaintiff.*
*George H. Fearons, Alf. S. Barnard for defendant.*

PER CURIAM. The defendant seeks to limit its liability for
negligence by the following stipulation, printed upon the back
of the telegraph blank:

"In any event, the company shall not be liable for damages
for any mistakes or delay in the transmission or delivery, or
for the nondelivery of this message, whether caused by the negli-
gence of its servants or otherwise, beyond the sum of $50, at
which amount this message is hereby valued, unless a greater
value is stated in writing hereon at the time the message is
offered to the company for transmission, and an additional sum
paid or agreed to be paid, based on such value equal to one-tenth
of 1 per cent thereof."

This question has been settled adversely to the defendant's
contention by the decisions of this Court, and needs no further
discussion. *Pegram v. Telegraph Co.,* 97 N. C., 57; *Williamson
v. Telegraph Co.,* 151 N. C., 223.

R. R. *v.* R. R.

The negligence of the defendant is not disputed, and it was admitted upon the argument that there was a *prima facie* case made out.

We have examined the several exceptions to the evidence, and charge of the court, and find no reversible error.

No error.