CHARLES H. CLEMENT *vs.* WESTERN UNION TELEGRAPH COMPANY.

Essex.  Nov. 9, 1883. — Sept. 3, 1884.  W. ALLEN & HOLMES, JJ., absent.

An agent, with knowledge that the rules of a telegraph company provided that messages sent by it should be subject to certain stipulations as set forth in the printed form in use by the company, sent a message to the company to transmit to his principal.  *Held*, in an action by the principal against the company for not seasonably delivering the message, that, although it did not appear that the message was copied on the printed form, these facts would warrant a finding that the contract was entered into subject to the stipulations therein contained.

The printed form issued by a telegraph company contained the following stipulation: "It is agreed between the sender of the following message and this company that said company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery, of any unrepeated message, whether happening by negligence of its servants or otherwise, beyond the amount received for sending the same."  *Held*, that the sender of an unrepeated message subject to this stipulation, in an action against the company for a delay in its delivery, caused by the gross negligence of the messenger of the company, could recover only the cost of the message.

TORT for injuries sustained by the plaintiff in consequence of the neglect of the defendant seasonably to deliver a message sent by telegraph.  In the Superior Court, the case was sent to an auditor, who found the following facts:

On April 27, 1880, the plaintiff, who lived in Haverhill, had a libel of divorce pending in the Supreme Judicial Court, then sitting in Salem, and had arranged with H. P. Moulton, his attorney, to give him notice when the case was to come on. The case being in order for the next day, Moulton, on the 27th, left at the office of the American Union Telegraph Company

in Salem the following message: "Salem, April 27, 1880. To Charles H. Clement, 2 Benjamin Street, Haverhill, Mass. Come to-morrow with witnesses. H. P. Moulton."

The office at the time was in charge of the office boy only, and nothing was said as to whether the American Union Telegraph Company had a line to Haverhill or not. That company had no line to Haverhill, and the operator, upon her return to the office, finding this message, endeavored ineffectually to communicate with Moulton, but not finding him at his office she left a note for him stating the fact, and that the message had been, or would be, sent by the Western Union Telegraph Company. Not being able to inform Moulton that her company had no line to Haverhill, she tore off the heading printed upon the blank above the message written, and sent the message to the office of the Western Union Telegraph Company, also in Salem, for transmission to Haverhill; and it was there received by the defendant's agent and duly transmitted to their office in Haverhill. The message did not appear to have been rewritten upon a blank of the defendant company, but the terms and conditions upon which the defendant by its rules provided that messages should be sent over its line, as set forth in the form or blank in use by it, were in fact known to Moulton, and this form of blank had been in use by him in sending messages by the defendant's line. Subsequently to the sending of the message, and after April 27, the operator of the American Union Telegraph Company explained to Moulton how it was sent by that line, and Moulton said to her that it was all right.

The form in use by the defendant corporation contained, among other stipulations, the following: "All messages taken by this company subject to the following terms: To guard against mistakes or delays, the sender of a message should order it repeated; that is, telegraphed back to the originating office for comparison. For this, one half the regular rate is charged in addition. It is agreed between the sender of the following message and this company, that said company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery, of any unrepeated message, whether happening by negligence of its servants or otherwise, beyond the amount received for sending the same."

The message was received at the office of the defendant in Haverhill about fifteen minutes before eight o'clock in the evening of April 27, 1880. It was held at the office until the hour of closing, at eight o'clock, when it was given with others to the messenger boy for delivery. The plaintiff lived at No. 2 Benjamin Street, in Haverhill, distant from the defendant's office something more than half a mile. There was no evidence whether any effort was made by the messenger to deliver the message, except the fact that the message was returned to the office the next morning with the report that he could not find the plaintiff. The message was not in fact received by the plaintiff until May 2.

On April 28 the case was reached in its order, and the court ordered the libel dismissed because the libellant and his witnesses were not present. The failure of the plaintiff to attend court was by reason of the non-delivery of Moulton's message aforesaid in season for the plaintiff or his witnesses to be in attendance when the case was reached.

The plaintiff had incurred expense for counsel fees in the libel suit, and for the attendance of himself and witnesses at prior terms of the court, and for the libellee's costs.

Upon these facts, the auditor found that the message in question was sent upon, and subject to, the condition and agreement, that, unless it was repeated or insured, no damages beyond the cost of the message could be recovered for any failure or delay in the delivery of it; that the defendant, by its agents, was guilty of gross negligence in not delivering said message to the plaintiff, or at his place of abode, to which it was directed; that the message was sent by Moulton under an arrangement and agreement that the plaintiff should so receive notice when his case was to be reached in order for trial, but that the defendant and its agents receiving and transmitting said message were not informed of the circumstances under which it was sent, nor as to its importance, or of any especial or peculiar injury or damage that might result from neglect or failure to transmit or deliver the same; and that the defendant was not liable for the items of damage claimed, except for the sum of twenty-five cents paid for the cost of the message, with interest thereon from the date of the writ.

In the Superior Court, the case was tried before *Rockwell*, J., without a jury, on the auditor's report. The judge ruled that the plaintiff was only entitled to recover the amount paid for sending the message, and found for him accordingly. The plaintiff alleged exceptions.

*H. N. Merrill & J. O. Wardwell*, for the plaintiff.

*G. S. Hale & C. F. Walcott*, for the defendant.

MORTON, C. J. The evidence was sufficient to justify the auditor and the presiding justice of the Superior Court in finding that the contract with the defendant, made by the plaintiff through his agent Moulton, was subject to the conditions and stipulations contained in the form issued by the defendant. One of these stipulations is as follows: "It is agreed between the sender of the following message and this company, that said company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery, of any unrepeated message, whether happening by negligence of its servants or otherwise, beyond the amount received for sending the same."

It has been held in this Commonwealth, that a regulation or stipulation of this character is reasonable and binding upon the parties to it. *Grinnell* v. *Western Union Telegraph*, 113 Mass. 299, and cases cited. In the case at bar, the plaintiff did not repeat his message, and it follows that, under the contract which he made, he can recover only twenty-five cents, the cost of the message.

The plaintiff contends that, as the auditor has found that the defendant by its agents was guilty of gross negligence in not delivering the message seasonably, this stipulation does not exempt the defendant from liability for the damages actually sustained.

The only negligence shown in this case was an unexplained delay in delivering the message on the part of the messenger boy, to whom it was, after its receipt, entrusted for delivery. It may be that the company might be guilty of some fraudulent or gross negligence in transmitting or delivering a message, so that it would not be protected by its regulation from liability for the actual damages, though in excess of the sum stipulated. But the negligence of the messenger boys in delivering messages was plainly contemplated by the parties when they entered into

the stipulation; and there are no principles of public policy which should prevent the company from stipulating that it will not be responsible for such negligence beyond a fixed amount, unless it receives a reasonable compensation for assuming further responsibility.

Without discussing the question as to what is the difference, if any, between ordinary and gross negligence, we are of opinion that the only negligence proved in this case was such negligence as the parties intended to include in their stipulation; and that such stipulation, as applied to such negligence, is reasonable and valid. It follows that the Superior Court rightly ruled and found that the plaintiff was entitled to recover only twenty-five cents.                *Exceptions overruled.*