E. P. COWEN LUMBER COMPANY, Respondent, v. THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

Kansas City Court of Appeals, May 14, 1894.

1. **Telegraphs**: STIPULATION FOR REPEATING: DAMAGES. A stipulation that a telegraph message shall be repeated in order to render the telegraph company liable for a mistake, is a reasonable stipulation and will shield the company from damages in excess of the sum agreed upon in the contract.

2. ———: STIPULATION AGAINST NEGLIGENCE: EVIDENCE. A telegraph company can not excuse itself from negligence even by contract; but that the evidence showed an error or mistake, is not sufficient to make out a case of negligence, willful misconduct or fraud upon the part of the company, especially in a case where the repeating of a dispatch, as stipulated in this case, would have prevented the error or mistake.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED *(with directions)*.

STATEMENT BY ELLISON, J.

Plaintiff is a company engaged as a wholesale dealer in lumber; and instituted this action to recover

damages for negligent transmission of a telegraphic dispatch. Plaintiff recovered below. The case was tried on the following agreed statement of facts:

"That during all the times mentioned in the petition plaintiff was a lumber company, engaged in Kansas City, Missouri, in the business of buying and selling lumber, and in running and operating its mills in the state of Missouri, and elsewhere.

"That during all the times named in the petition defendant was and still is a telegraphic company engaged in receiving and forwarding telegraphic messages for hire, with an office at Kansas City, Missouri, and one at Oklahoma City, Indian Territory.

"That on the twenty-eighth day of April, 1890, plaintiff received a message over the wire of defendant from Jones & Richardson, lumber dealers at Oklahoma City, Indian Territory, asking for quotations on three cars two by twelve by twenty-four. That on said day, to wit, April 28, 1890, plaintiff left with defendant at Kansas City, Missouri, to be transmitted over its wires to Jones & Richardson at Oklahoma City, Indian Territory, the following dispatch, in answer to said first message, to wit: 'We quote you two by twelve, twenty-four, seventeen dollars.' For the sending of which said message plaintiff paid the defendant the sum of forty cents. That said dispatch referred to certain descriptions of lumber held by plaintiff for sale, and the price indicated by the words 'seventeen dollars,' was per thousand feet. That said dispatch was sent by defendant in due time and received by Jones & Richardson on the same day; but that when delivered it read as follows, to wit: 'We quote you two by twelve, twenty-four, sixteen dollars, anwer.' That upon the receipt of this dispatch so changed, Jones & Richardson sent over defendant's wire to plaintiff the following dispatch, and which was

received by plaintiff on the same day, to wit: 'We accept quotation on two by twelve; order by mail.'

"That after the order and letter of Jones & Richardson were received by plaintiff, said three cars of lumber were shipped, pursuant to the order, and delivered to said firm before plaintiff knew of the change and error in its message. That said three cars of lumber amounted to twenty-five thousand, six hundred and thirty-two feet, and for which said Jones & Richardson paid the sum of $16 per thousand feet, claiming they had bought the same at that figure instead of $17 per thousand feet, as quoted by plaintiff.

"That plaintiff's dispatch of the twenty-eighth of April was written on one of the blanks of the defendant used for writing dispatches to go over its wires, and which blank was used by plaintiff, and on the face thereof, just above the open space where said message was written, contained in plain printed words, the following agreement and condition, to wit: 'To guard against mistakes or delays, the sender of a message should order it repeated; that is, telegraphed back to the originating office for comparison. For this one-half the regular rate is charged in addition. It is agreed between the sender of the following message and this company, that said company shall not be liable for mistakes or delays in the transmission or delivery, or for nondelivery of any unrepeated message, whether happening by negligence of its servants or otherwise, beyond the amount received for sending the same'.

"Which original message, containing said printed agreement, is hereto attached, marked 'Exhibit A,' and made part hereof.

"It is further agreed that for a long time plaintiff had used the above blank in writing messages containing the above stipulation limiting its liability. That

plaintiff was familiar with the appearance of the blanks and had frequently written messages on them; that a parcel of them was always lying on a table in its office; but it is agreed, that plaintiff had never read the stipulation and had no express knowledge of the terms thereof.

"It is further agreed that the said message so sent was not ordered by plaintiff to be repeated, neither did plaintiff pay, or agree to pay for a repeated message; but that plaintiff was in the habit of writing its messages and sending them to the office of defendant in the rotunda of the building of plaintiff's office, and paying for its messages once a week, and defendant received and forwarded all of plaintiff's messages.

"It is further agreed that if defendant is liable, plaintiff has been damaged and is entitled to recover the sum of $25.93, provided it is not limited to a recovery of forty cents, the price paid by plaintiff for the unrepeated message."

*Karnes, Holmes & Krauthoff* for appellant.

(1) The decision controlling this case is *Wann v. Tel. Co.*, 37 Mo. 472, 482. That case has never been questioned or departed from in Missouri, and is "the last previous ruling of the supreme court." 1 R. S. 1889, sec. 6, p. 88. And the *Wann case* has the support of the great weight of authority. *Jones v. Tel. Co.*, 18 Fed. Rep. 717, 719; *Becker v. Tel. Co.*, 11 Neb. 87, 90; *Lassiter v. Tel. Co.*, 89 N. C. 334, 337; *Passmore v. Tel. Co.*, 78 Pa. St. 238; *Tel. Co. v. Neill*, 57 Tex. 283, 291; *Aiken v. Tel. Co.*, 5 S. C. 358, 371; *Kiley v. Tel. Co.*, 109 N. Y. 231, 236; *Grinnell v. Tel. Co.*, 113 Mass. 485; *Clement v. Tel. Co.*, 137 Mass. 463, 466; *Redpath v. Tel. Co.*, 112 Mass. 71, 73; *Ellis v. Tel. Co.*, 13 Allen, 226, 236; *Camp v. Tel. Co.*, 1 Metc.

(Ky.) 164, 168; *Breese v. Tel. Co.*, 48 N. Y. 132, 139; *Tel. Co. v. Buchanan*, 35 Ind. 429, 432; *Tel. Co. v. Carew*, 15 Mich. 525, 535; *De Rutte v. Tel. Co.*, 30 How. Pr. 403, 414. (2) "Mere proof of the fact that there is a mistake of a word or a figure in the message is not sufficient evidence of negligence or fraud to render the company liable beyond the amount stipulated for in the contract of the parties." *Jones v. Tel. Co.*, 18 Fed. Rep. 717, 719; *Womack v. Tel. Co.*, 58 Tex. 176, 181; *Tel. Co. v. Neill*, 57 Tex. 283, 289; *Aiken v. Tel. Co.*, 5 S. C. 358, 377; *Lassiter v. Tel. Co.*, 89 N. C. 334, 337; *Sweatland v. Tel. Co.*, 27 Iowa, 433, 455; *Becker v. Tel. Co.*, 11 Neb. 87, 90, 93.

*Crysler, Carskadon & Stearns* for respondent.

(1) The agreed statement of facts shows that respondent left with appellant a message to be by it transmitted, that the charge therefor was paid, that in transmitting said message appellant changed the word seventeen to sixteen, etc. It is well settled in this state that when the facts constituting the alleged negligence are undisputed and the inference of negligence to be drawn therefrom would not be a matter of doubt about which reasonable minds could differ, it is proper for the court to declare the existence of negligence as a matter of law. *Kinney v. City of Springfield*, 35 Mo. App. 97; *Boland v. Kansas City*, 32 Mo. App. 8; *Tetherow v. Railroad*, 98 Mo. 74. Negligence may be inferred when the thing causing the accident is in the management of the defendants or its servants, and the accident is such as in the ordinary course of matters does not happen if those having the management use the proper care. *Hill v. Scott*, 38 Mo. App. 370; *Coggs v. Bernard*, 1 Sm. Lead. Cases, 155, 6 El. & B. 891 and 899. (2) The court in the Wann case, 37 Mo. 480–482, holds

clearly that telegraph companies will not be protected from the consequences of gross negligence. We contend that the facts in this case show gross negligence and that the court was fully warranted in so finding from the agreed facts. The word changed from seventeen to sixteen was the very gist of the business transaction between the parties. Plaintiff makes out a *prima facie* case by showing the contract and its breach. *Rittenhouse v. Tel. Co.*, 1 Daly, 474, 44 N. Y. 263; *Baldwin v. Tel. Co.*, 45 N. Y. 544; Gray, Tel., secs. 26, 53, 54, 77; Abb. Trial Ev., ch. 32; 2 Thomp. Neg., 837; 3 Suth. Dam., 295; *Pearsall v. Tel. Co.*, 26 N. E. Rep. 534. The case last above cited is a recent case and to which we direct the special attention of the court. (3) They, like common carriers, have become necessary instrumentalities for conducting the business of the country and they owe the same duty to the public, and, we think, should be held to the same rule in respect to their right to limit their liability by notice. Carriers and telegraph companies are alike engaged in *quasi* public employments, and persons are from necessity compelled to employ the latter, without more opportunity for choice and deliberation than when they select the former. 19 Wend. 234; 43 N. Y. 264; 111 Mass. 45; 13 California, 432; 33 Eng. Law and Equity, 180; 13 Allen, 226; 45 Barber, 274; 113 Mass. 201; 29 Cent. Law Journal, 128 and note; *Tel. Co. v. Daughtry*, 7 South. Rep. 660; 83 Ala. 542; *Tel. Co. v. Short*, 14 S. W. Rep. 649; 17 Pac. Rep. 309.

ELLISON, J.—The stipulation that the message shall be repeated in order to render the telegraph company liable for a mistake is a stipulation which has been held by the courts to be reasonable and will shield the company from damages in excess of the sum agreed upon in the contract between the parties as it is

evidenced by the printed matter upon the blanks such as were used in this case.  *Wann v. Tel. Co.*, 37 Mo. 472; *Jones v. Tel. Co.*, 18 Fed. Rep. 717, 719; *Becker v. Tel. Co.*, 11 Neb. 87, 90; *Lassiter v. Tel. Co.*, 89 N. C. 334, 337; *Passmore v. Tel. Co.*, 78 Pa. St. 238; *Tel. Co. v. Neill*, 57 Tex. 283, 291; *Aiken v. Tel. Co.*, 5 S. C. 358, 371; *Kiley v. Tel. Co.*, 109 N. Y. 231, 236; *Grinnell v. Tel. Co.*, 113 Mass. 485; *Clement v. Tel. Co.*, 137 Mass. 463, 466; *Redpath v. Tel Co.*, 112 Mass. 71, 73; *Ellis v. Tel. Co.*, 13 Allen, 226, 236; *Camp v. Tel. Co.*, 1 Metc. (Ky.) 164, 168; *Breese v. Tel. Co.*, 48 N. Y. 132, 139; *Tel. Co. v. Buchanan*, 35 Ind. 429, 432; *Tel. Co. v. Carew*, 15 Mich. 525, 535.

The telegraph company can not excuse itself from negligence even by contract, but mere proof that the dispatch was not delivered to the addressee as delivered by the sender to the sending office will not be evidence sufficient to authorize a recovery from the company of more than was stipulated in the contract, which in this case was forty cents, the price paid for sending the message.  That such evidence shows an error or mistake must be conceded, but in view of the nature of the business of a telegraph company and its peculiar instrumentalities for public service;  instrumentalities which are so frequently, as well as unaccountably, beyond the control of human agencies, such evidence is not sufficient to make out a case of negligence, willful misconduct, or fraud upon the part of the company.  We are not deciding a case where the mistake or error or other fault of the company was one which the repeating of a dispatch could not have prevented.  This case is fully within the reason of the regulation requiring a repetition of the dispatch; for, if it had been repeated, the error would almost certainly have been detected.

We are of the opinion that plaintiff's recovery should be limited to the sum he paid for the dispatch,

and the judgment will be reversed and cause remanded with directions to enter judgment for forty cents. All concur.