M. J. JARBOE & SON, Appellants, v. WESTERN UNION TELEGRAPH COMPANY, Respondent.

Kansas City Court of Appeals, November 4, 1895.

1. **Telegrams:** UNREPEATED MESSAGE: DEMURRER. To an action for damages for failure to send a telegraph message correctly, the answer pleaded the clause in the contract exempting the company from damages for errors in transmittal unless the dispatch was repeated. *Held,* not demurrable.

2. **Trial Practice:** GENERAL DENIAL: SPECIAL DEFENSE. Where, in an action for errors in transmitting a telegram, the answer is a general denial and the special matter of failure to have the message repeated, and a demurrer to the special matter is overruled, it is error on plaintiff's refusal to plead further to enter judgement for the defendant, but there should be a trial on the general denial.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

REVERSED AND REMANDED.

*Virgil Conkling* and *Russell Kneisley* for appellants.

(1) Plaintiffs sought a recovery by distinctly charging the defendant with negligence, carelessness and want of due care. The petition did not aver merely a mistake; it charged negligence. It has been recently and decisively determined by this appellate court that the telegraph company can not excuse itself from negligence even by contract, and that it is liable for losses occasioned by its negligence. *Smith v. Telegraph Co.,* 57 Mo. App. 264; *Lumber Co. v. Telegraph Co.,* 58 Mo. App. 263. (2) Not only did plaintiffs' petition charge negligence but it went further and plainly alleged gross negligence. This certainly declared a good cause of action against the telegraph company, according to all

the decisions of this state. It declared a good cause of action, even when measured by that early case in which the doctrine of "protecting" telegraph companies was carried to its extreme limit. *Wann v. Telegraph Co.*, 37 Mo. 472. (3) Plaintiffs were entitled to a trial on the question of the sixty-five cents paid for transmission of the message. (4) Defendant was not entitled to judgment upon the pleadings.

*Geo. H. Fearons* and *Morton Jourdan* and *Karnes, Holmes & Krauthoff* for respondent.

(1) "Mere proof that the dispatch was not delivered to the addressee as delivered by the sender to the sending office will not be evidence sufficient to authorize a recovery from the company of more than was stipulated in the contract * * * the price paid for sending the message. That such evidence shows an error or mistake must be conceded, but in view of the nature of the business of a telegraph company and its peculiar instrumentalities for public service, instrumentalities which are so frequently as well as unaccountably beyond the control of human agencies, such evidence is not sufficient to make out a case of negligence, willful misconduct, or fraud upon the part of the company." *Lumber Co. v. Telegraph Co.*, 58 Mo. App. 257, 262; *Primrose v. Telegraph Co.*, 154 U. S. 1. *Telegraph Co. v. Gildersleeve*, 29 Md. 232, 246, 248; *Birkett v. Telegraph Co.*, 61 N. W. Rep. 645, 646, 648 (Mich. 1894); *Riley v. Telegraph Co.*, 26 N. Y. Supp. 532, affirmed, 28 N. Y. Supp. 581. (2) "Under a general allegation of negligence the plaintiff can not recover, for this gives the defendant no notice of facts, and is only a conclusion." *Leduke v. Railroad*, 4 Mo. App. 485, 491; *Gurley v. Railroad*, 93 Mo. 445, 450; *Waldhier v. Railroad*, 71 Mo.

514, 516. (3) It is contended that plaintiffs should have had a judgment for the cost of sending the message, but this is an original action in the circuit court, and that court has no original jurisdiction of a demand less than $50. (R. S. 1889, sec. 3318.) *Connell v. Telegraph Co.*, 116 Mo. 34, 38.

GILL, J.—In February, 1893, plaintiffs were engaged in the manufacture of flour at Carrollton, Missouri. In answer to a request from parties at Augusta, Georgia, plaintiffs attempted to communicate the price of a low grade of flour by the car load and gave to defendant's agent a message, stating the price at $1.75 per barrel. Through an error, or mistake, the message was transmitted and delivered to the addressees, stating the price of the flour to be $1.25 per barrel. By reason thereof plaintiffs claim they were damaged in the sum of $91, in the sale of the flour, and for which, with sixty-five cents, the price paid for transmission of the telegram, they prayed judgment.

The defendant's answer contained, *first*, a general denial; and, *second*, the defense that the company was not liable by reason of the usual clause exempting the company from damages for mistakes or errors in transmitting telegrams, unless the dispatch was repeated. To this second defense, plaintiffs interposed a demurrer on the ground that the facts therein stated constituted no defense to the action. The trial court overruled the demurrer; and on failure of plaintiff to plead further, entered judgment for defendant and plaintiffs have appealed.

The trial judge was clearly right in overruling the plaintiff's demurrer to the second clause of the answer. The matters therein set out constituted a good defense to the action, in so far as the damages to the sale of the flour was concerned. We settled that point in the

late case of *Cowen Lumber Co. v. Western Union Tel. Co.*, 58 Mo. App. 257.

But the lower court should have heard the case on the issues made by the general denial, and if it was a fact that plaintiffs paid sixty-five cents for the transmission of the message (and it was not transmitted as written and furnished) then plaintiffs were entitled to recover that amount. *Cowen Lumber Co. v. Telegraph Co., supra; Abeles v. Tel. Co.*, 37 Mo. App. 554; sec. 2926, R. S. 1889.

Judgment reversed and cause remanded. All concur.