J. L. DIFFENDERFFER and MORGAN STOKES, Respondents, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

Springfield Court of Appeals, February 6, 1918.

1. **COURTS: Decisions of United States Courts as Controlling.** In determining the liability of a telegraph company on account of negligent delay in the transmission of an interstate message, the law must be construed as it has been construed by the federal courts touching the question.

2. **TELEGRAPHS AND TELEPHONES: Transmission: Delay: Recovery.** In an action for negligent delay in the transmission of a telegram, it appeared that the message was written on a blank, reciting on its face that the message was sent subject to the terms on the back. The back of the blank contained recitals stating that to guard against mistakes and delays the message should be repeated, and that it was agreed that the company should not be liable for mistakes or delays or for nondelivery of any unrepeated message beyond the amount received for sending the same, nor for mistakes or delays in the transmission or delivery, nor for nondelivery of any repeated message beyond fifty times the sum received for sending the same, unless specially insured. There was no averment that a special value was placed on the telegram. *Held,* that as the conditions placed no value on the message, the value thereof might be fixed by the jury.

3. ———: **Transmission of Messages: Delay.** That the receiving agent of a telegraph company not knowing the closing hours at the terminal office, and merely contracting to transmit and deliver the message according to the rules of the company, failed to notify the sender that the terminal office was closed does not make the company liable for delay in delivery of the message, resulting from the fact that the terminal office was closed when it was sent.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED.

*Benedict & Curry* for appellant.

*Mayfield & Son* for respondents.

FARRINGTON, J.—The plaintiffs (respondents) recovered a judgment against the defendant in the sum of $300 on a cause of action based upon a petition asking special damages alleged to have been sustained by reason of a negligent delay in the transmission and delivery of a telegram. The message was sent from National Stock Yards, Illinois, to the plaintiffs at Lebanon, in this State. It was, therefore, an interstate message and the law governing any recovery thereon must be construed as it has been construed by the Federal courts touching the question.

Plaintiffs' evidence tended to show that the sender filed this message with the defendant at about nine o'clock on Sunday morning, January 23, 1916, and that it did not reach Lebanon until about four o'clock that afternoon. It is shown that from twenty minutes to one hour is the reasonable and ordinary time required for transmitting such a message between those points.

Other evidence tended to show that the message was not filed at the sending office until eleven o'clock Sunday morning.

The special defense set up in the answer is as follows:

"Defendant further answering avers the facts to be: That the telegram set out in plaintiffs' petition

had the following notice, words and sentences plainly printed on the face thereof: 'Send the following message subject to the terms on the back hereof, which are hereby agreed to,' and 'Read the notice and agreement on the back.' That on the back thereof the following terms and conditions are plainly set out:

" 'All messages taken by this company are subject to the following terms:

" 'To guard against mistakes and delays, the sender of a message should order it repeated, that is, telegraphed back to the original office for comparison. For this one-half the regular rate is charged in addition. It is agreed between the sender of the following message and this company, that said company shall not be liable for mistakes or delays in the transmission or delivery or for non-delivery of any unrepeated message, beyond the amount received for sending the same, nor for mistakes or delays in the transmission or delivery, nor for non-delivery of any repeated message beyond fifty times the sum received for sending the same unless specially insured, nor in any case for delays arising from unavoidable interruption in the working of its lines, or errors in cipher or obscure messages, and this company is hereby made the agent of the sender, without liability, to forward any message over the lines of any other company when necessary to reach its destination. ' "

It will be noted there is no averment in this special defense that there was a value placed on this telegram. This observation is made because in reading the cases cited by appellant practically all have this same set of provisions in the messages involved, but with this further provision: "In any event the company shall not be liable for damages for any mistakes or delay in the transmission or delivery, or for the non-delivery of this message, whether caused by the negligence of its servants or otherwise, beyond the sum of fifty dollars, at which amount this message is hereby valued," etc.

It is further noteworthy that when we come to consider the bill of exceptions and look at defendant's

exhibit A, to-wit, the conditions on the back of the telegram in question relating to delay and failure to deliver, said exhibit is not set out in full but is abstracted by counsel, and, like the answer, no mention is made of any value placed on this telegram. The failure of the telegram in our case to have a value placed upon it becomes material when we reach the consideration of the amount that may be recovered in this action.

Now the circuit court struck from the answer the special defense above quoted, and the propriety of that action is before us for decision.

The question is: Where a telegram is properly addressed with no error whatever in the address or body of the message which could not, and did not, cause any delay in the transmission and delivery, and yet the message was delayed beyond a reasonable time in being delivered to the addressees, will the amount of recovery by the addressees be restricted to the amount paid by the sender to the company as the charge for transmission and delivery? That is to say, under the stipulation on the back of the telegram heretofore quoted, is the total amount that plaintiffs can recover the sum of thirty-eight cents?

This very question has been considered and decided by the Kansas City Court of Appeals in an opinion by Judge ELLISON in the case of Jacobs v. Western Union Telegraph Company, 196 S. W. 31, wherein it is held that the plaintiff may recover the value of the telegram and will not be restricted to the cost of transmission and delivery where the delay, which caused the damage, could not under any construction have been laid to some error in the message that might have been corrected had it been repeated.

We have no doubt that the law is—under the cases cited by appellant and cited in the case of Poor v. Western Union Telegraph Company, 196 S. W. 28—that if a mistake occurs in the transmission of an unrepeated message whereby the plaintiff is damaged and the mistake or delay or failure to deliver would have been eliminated to some extent at least by a repetition of

the message, the plaintiff, under his contract as construed by the federal courts and the state courts following such decisions, would be restricted in his recovery to the amount charged for the service. But in no case, except one, to-wit, Clement v. Western Union Telegraph Company, 137 Mass. 463, do we find that the plaintiff is limited to the charge paid for sending the message where unrepeated when there was no error in the address or body of the telegram when received by the addressee that caused the delay or non-delivery.

We think the logic of the Jacobs opinion, supra, is unanswerable and controlling on the facts of our case, and we will follow it rather than the Clement case.

In the present case, as hereinbefore pointed out, there was no value of fifty dollars or any other sum placed on the telegram; or at least if there was the abstract of the record before us fails to show it. Under this condition, following the Jacobs case, the amount paid for sending the telegram being eliminated as a controlling factor, will leave the amount to be recovered by plaintiffs the reasonable value of the telegram, which the jury under evidence sufficient to support the verdict found to be $300.

The court refused instruction No. 2 asked by the appellant. This was error. There was evidence that the message was not filed at the sending office until eleven o'clock in the morning on Sunday which was after the closing hours at the office in Lebanon and there is no evidence that the sending office knew of the office hours at Lebanon. It became a jury question to determine whether this message was filed at nine o'clock, the time sworn to by the sender, or at eleven o'clock as shown by other evidence in the case; and if it was filed at nine o'clock it would further be a question of fact for the jury to determine whether the message could in an ordinary and reasonable time have been transmitted before the office at Lebanon closed at ten o'clock that morning. It has been held in Missouri and is supported by decisions in other states that the

receiving agent not knowing of the closing hours of the terminal office and merely contracting to transmit and deliver the message according to the rules of the company would not make the company liable for delay in delivery of the message based on the receiving agent's failure to notify the sender of the closing hours of the terminal office. [Taylor v. Western Union Telegraph Co, 181 Mo. App. 288, 168 S. W. 895, and cases cited.]

The judgment is therefore reversed and the cause remanded. *Sturgis, P. J.,* and *Bradley, J.,* concur.