GILBERT C. HALSTED et al., Appellants, v. POSTAL TELEGRAPH CABLE COMPANY, Respondent.

1. TELEGRAPH COMPANY — EXTENT OF LIABILITY. A telegraph company performs public functions and is under obligation to carry on its business and discharge its duties incident thereto with reasonable diligence, and with due care for the rights and interests of those concerned in its operations, but it is competent for it to make reasonable rules and regulations for the conduct, and to protect itself against the hazards of its business, and by contract to limit its liability for mistakes, delays or non-delivery of messages, when not caused by gross negligence.

2. REQUEST TO REPEAT MESSAGE A REASONABLE ONE. Where the receiver of a message has by special request procured it to be sent by telegraph, he is bound by any reasonable contract made by the sender with the telegraph company for its transmission, and the requirement contained on the blank on which the message is written that the sender of a message shall order it repeated, and that in case he fails to do so the company will not be liable for mistakes, delays or non-delivery is a reasonable one.

3. RECEIVER OF MESSAGE BOUND BY CONTRACT WITH SENDER. When a message is written upon a blank of the company containing such a stipulation, that contract is binding upon the receiver and he cannot recover by reason of a mistake in transmission where there is no evidence of negligence on the part of the company other than the fact that changes were made therein between its delivery to the company and its receipt.

*Halsted* v. *Postal Telegraph Cable Co.*, 120 App. Div. 433, affirmed.

(Argued October 22, 1908; decided November 10, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 7, 1907, which reversed a judgment in favor of plaintiffs entered upon a verdict, and an order denying a motion for a new trial and granted a new trial.

The plaintiffs brought this action to recover from the defendant the damage occasioned to them by the alleged negligence of the latter in erroneously transmitting to them a telegraphic message. The plaintiffs, being manufacturers of beef bags, in the city of New York, received from Armour & Company, of Chicago, a letter, asking the lowest "price on 25,000 sets of bags," and they replied that they would telegraph them a price at a later time. The plaintiffs then requested the Cannon Manufacturing Company, of Concord, North Carolina, as they allege, "to send them by wire the price for 200,000 yards each of the narrow and wide light beef cotton goods." On July 27, 1903, they received through the defendant a telegram from Concord, addressed to them; which read: "Delivered commencing about August fifteenth light narrow two eighth wide three eighth net," and was signed "Cannon Mfg. Co." Thereupon and on the same day, the plaintiffs telegraphed and wrote to Armour & Company a

price, which was based on the quotations of the Cannon
Manufacturing Company, as they were given in the telegram.
Armour & Company, the same day, telegraphed, in reply, an
order for the bags and the order was entered by the plaintiffs.
On July 28th, plaintiffs ordered, by telegram, from the Can-
non Manufacturing Company 175,000 yards of the narrow and
150,000 yards of the wide cloth and, at the same time, wrote
a letter to the company confirming the telegram.   On July
29th, plaintiffs received a letter from the Cannon Manufactur-
ing Company, inclosing a copy of the telegram, which it had
delivered to the defendant, and it then appeared that the
message should have read: "Deliveries commencing about
August fifteenth light narrow two eighty wide three eighty
net."   The difference between the telegraphic message, as deliv-
ered to the defendant, at Concord, and as it was received by the
plaintiffs, at New York, was that the word "deliveries" had
become changed to "delivered" and that the two words
"eighty" had become "eighth."   It was shown that these quo-
tations, which might not be very intelligible to the ordinary per-
son, are well understood in the trade.   The mistake made in the
transmission of the quotations affected the contract made by the
plaintiffs with the Armour Company and caused a loss to them
in the transaction.   The plaintiffs endeavored to procure a can-
cellation of the contract with the Armour Company, by reason
of the mistake in the telegram from the Cannon Manufactur-
ing Company, upon which it had been based; but they were
unsuccessful.   The Cannon Manufacturing Company refused
to assume the liability for the mistake.   The damages
demanded in the complaint were in the amount of the loss to
the plaintiffs on the Armour contract.   The telegram from
the Cannon Manufacturing Company was written upon one
of defendant's blank forms, which read: "Send the following
message subject to the terms on back hereof, which are
hereby agreed to."   That was followed by the plaintiffs'
address, the quotations of prices and the signature of the
Cannon Manufacturing Company.   Below were the words:
"Read the notice and agreement on back."   One of the

terms of the agreement, referred to, reads as follows: "To guard against mistakes or delays, the sender of a message should order it REPEATED; that is, telegraphed back to the originating office for comparison. For this one-half the regular rate is charged in addition. It is agreed between the sender of the following message and this Company, that said Company shall not be liable for mistakes or delays in the transmission or delivery, or for non-delivery, of any UNREPEATED message, beyond the amount received for sending the same." There was, also, a stipulation limiting the liability of the telegraph company in the case of a repeated message, unless specially insured in accordance with a provision for such insurance.

The defense of the defendant, beyond a denial of the negligence alleged with respect to the transmission of the telegram from Concord, was based upon the terms of the contract between it and the sender of the message. There was no evidence of negligence in the transmission of the message, other than in the changes made in the message between its delivery to the defendant and its receipt by the plaintiffs. There was evidence that atmospheric and electrical conditions and disturbances might affect the accurate transmission of a telegraph message; although the possibility of such changes being caused thereby in the symbols, or signals, as were effected in this case, was somewhat in dispute upon the evidence of the experts.

Motions of the defendant to dismiss the action, at the close of the plaintiffs' case and at the close of the whole case, were denied and the trial court submitted to the jury the question whether the defendant was guilty of gross negligence in the performance of its undertaking. The court, upon a request of the defendant further to instruct the jury that "the terms and conditions on the blank * * * are reasonable and valid and constitute a contract between the parties," ruled that they were reasonable and valid and constituted a contract between the company and the sender, "*but not with the plaintiffs.*" To which ruling the defendant excepted. A ver-

dict was rendered for the plaintiffs for the amount claimed. Upon appeal to the Appellate Division, that court, by a divided vote of the justices, upon questions of law only, reversed the judgment, which the plaintiffs had recovered, and granted a new trial. The plaintiffs have appealed to this court from the order of reversal.

*George D. Beattys* for appellants. Defendant owed plaintiffs, as addressees, a duty imposed by law, arising out of the exercise of a public franchise, and the terms of the contract between defendant and the sender of the message in question did not relieve defendant from liability for failure to properly perform this duty to the addressees. ( *Will* v. *P. T. Co.*, 3 App. Div. 22; *Lowery* v. *W. U. T. Co.*, 60 N. Y. 198; *Tyler* v. *W. U. T. Co.*, 68 Ill. 421; *Pearsall* v. *W. U. T. Co.*, 124 N. Y. 256; *Elwood* v. *W. U. T. Co.*, 45 N. Y. 549; *Rose* v. *U. S. Tel. Co.*, 3 Abb. Pr. [N. S.] 408; *Elsey* v. *P. T. Co.*, 20 N. Y. S. R. 97; *Curtin* v. *W. U. T. Co.*, 16 Misc. Rep. 347; *Wolfskehl* v. *W. U. T. Co.*, 46 Hun, 542; *De Rutte* v. *N. Y. T. Co.*, 1 Daly, 547.) A public service corporation can limit its liability only by contract and not by notice merely. (*Pearsall* v. *W. U. T. Co.*, 124 N. Y. 256; *Curtin* v. *W. U. T. Co.*, 16 Misc. Rep. 347; *Will* v. *P. T. Co.*, 3 App. Div. 22; *Applington* v. *Pullman Co.*, 110 App. Div. 250; *Jennings* v. *G. T. R. Co.*, 127 N. Y. 438.) Plaintiffs made out a *prima facie* case of negligence by showing the error in the transmission of the message. (*Pearsall* v. *W. U. T. Co.*, 124 N. Y. 250; *Tel. Co.* v. *Griswold*, 37 Ohio St. 301; *Tyler* v. *W. U. Tel. Co.*, 60 Ill. 421; *Bartlett* v. *W. U. T. Co.*, 62 Me. 209; *Julian* v. *W. U. T. Co.*, 98 Ind. 327; *Turner* v. *H. T. Co.*, 41 Iowa, 458; *Tel. Co.* v. *Crall*, 38 Kan. 679; *Cogdell* v. *Tel. Co.*, 135 N. C. 431; *W. U. Tel. Co.* v. *Du Bois*, 128 Ill. 248; *W. U. Tel. Co.* v. *Short*, 53 Ark. 434.) The jury were fully justified in finding that defendant was guilty of gross negligence. (*Nolton* v. *W. R. Co.*, 15 N. Y. 444; *M. & S. P. R. R. Co.* v. *Arms*, 91 U. S. 489; *Campe* v. *Weir*, 28 Misc. Rep. 243, 245;

*Reiser* v. *Met. Express Co.*, 45 Misc. Rep. 632, 633 ; *Will* v.
*P. T. Co.*, 3 App. Div. 22 ; *Dixon* v. *W. U. T. Co.*, 3 App.
Div. 60 ; *N. Y. C. R. R. Co.* v. *Lockwood*, 84 U. S. 357 ;
*Hart* v. *W. U. T. Co.*, 66 Cal. 579 ; *Stover* v. *Gowen*, 18 Me.
177 ; *New World* v. *King*, 16 How. [U. S.] 470.)

*Charles F. Brown, Thomas B. Jones* and *William W.
Cook* for respondent.    The message in question was trans-
mitted. under terms and conditions expressly limiting the lia-
bility of the defendant in the event of error to the amount
received for transmitting said message, the message being an
unrepeated message. (*Kiley* v. *W. U. Tel. Co.*, 109 N. Y.
231 ; *Breese* v. *U. S. Tel. Co.*, 48 N. Y. 132 ; *Bennett* v. *W.
U. T. Co.*, 18 N. Y. S. R. 777 ; *Riley* v. *W. U. T. Co.*, 26
N. Y. Supp. 532 ; *Altman* v. *W. U. T. Co.*, 84 N. Y. Supp.
54 ; *Primrose* v. *W. U. T. Co.*, 154 U. S. 1 ; *Hart* v. *W.
U. Tel. Co.*, 36 Cal. 579 ; *Camp* v. *W. U. Tel. Co.*, 1 Metc.
[Ky.] 164 ; *Birney* v. *N. Y. Tel. Co.*, 18 Md. 232 ; *U. S.
Tel. Co.* v. *Gildersleeve*, 29 Md. 232.)    The terms and condi-
tions on the telegraph blank are binding upon the addressee
as well as upon the sender of the message. (*Ellis* v. *A. T.
Co.*, 95 Mass. 226 ; *Findlay* v. *W. U. T. Co.*, 64 Fed. Rep.
459 ; *Whitehill* v. *W. U. T. Co.*, 136 Fed. Rep. 499 ; *Coit* v.
*W. U. T. Co.*, 130 Cal. 657 ; *Poteet* v. *W. U. T. Co.*, 55 S. E.
Rep. 113 ; *Squires* v. *N. Y. C. R. R. Co.*, 98 Mass. 239 ; *Brooke*
v. *W. U. Tel. Co.*, 46 S. E. Rep. 826 ; *Frazier* v. *W. U. Tel. Co.*,
78 Pac. Rep. 330 ; *Rawlings* v. *Bell*, 1 C. B. 951 ; *Omrod* v.
*Huth*, 14 M. & W. 651.)    The sender of the message was
requested by plaintiffs to send this particular message, and
hence the plaintiffs were the principals, and the sender of the
message acted as the agent of the plaintiffs, at the plaintiffs'
request and for the plaintiffs' benefit, in sending the message
sued on, and hence plaintiffs are bound by the terms and con-
ditions. (*W. U. T. Co.* v. *James*, 90 Ga. 254 ; *Mannier* v.
*W. U. T. Co.*, 94 Tenn. 442 ; *Coit* v. *W. U. T. Co.*, 130 Cal.
657 ; *Curtin* v. *W. U. T. Co.*, 16 Misc. Rep. 348 ; *Aiken* v.
*W. U. T. Co.*, 5 S. C. 371 ; *De Rutte* v. *N. Y., etc., T. Co.*,

1 Daly, 556.) The defendant is not under the obligations of a common carrier, and is not liable as an insurer of the correctness of an unrepeated message. (*Schwartz* v. *A. & P. T. Co.*, 18 Hun, 157; *Breese* v. *U. S. T. Co.*, 48 N. Y. 140; *Kiley* v. *W. U. T. Co.*, 109 N. Y. 231; *Ayers* v. *W. U. T. Co.*, 65 App. Div. 149; *Grinnell* v. *W. U. T. Co.*, 113 Mass. 299; *W. U. T. Co.* v. *Carew*, 15 Mich. 525.) There was no evidence of gross negligence. (*Primrose* v. *W. U. T. Co.*, 154 U. S. 1; *Baldwin* v. *W. U. Tel. Co.*, 45 N. Y. 744; *Jones* v. *W. U. Tel. Co.*, 18 Fed. Rep. 717; *Bennett* v. *W. U. Tel. Co.*, 18 N. Y. S. R. 777; *Breese* v. *U. S. Tel. Co.*, 48 N. Y. 132; *Young* v. *W. U. T. Co.*, 65 N. Y. 163; *Kiley* v. *W. U. T. Co.*, 109 N. Y. 231; *Altman* v. *W. U. Tel. Co.*, 84 N. Y. Supp. 54; *Ayres* v. *W. U. Tel. Co.*, 65 App. Div. 149; *Riley* v. *W. U. Tel. Co.*, 28 N. Y. Supp. 581.)

GRAY, J. It is the plaintiffs' claim that the defendant is liable to them, as the addressees of the telegraphic message, for the failure to properly perform its duty; from which liability it was not relieved by the terms of its contract with the sender of the message. The argument is made that the defendant, as a public service corporation, "owes a duty to the public, for the breach of which, a party injured has a right of action, which is unaffected by any contract of limitation, to which the injured person is not a party;" notwithstanding the duty was undertaken by reason of such contract. So far as the plaintiffs' claim was predicated upon the alleged gross negligence of the defendant, in the performance of the undertaking to transmit to them the telegraphic message from the sender in North Carolina, it is sufficient to say that the evidence wholly failed to make out any case for the jury on that theory. It showed, simply, the commission of an error, which, so far as material in its consequences, occurred in the change of the word "eighty" to "eighth." The letter "y" was changed to the letter "h" in two instances. Whether such changes were the inadvertent, or mistaken, act of the receiving operator, or of any operator

at the relay station, or whether they were the result of atmospheric disturbances, or of perturbations of the electric fluid, to which, concededly, the transmission of telegraphic messages is more or less subject, is not material. The nature of the undertaking by a telegraph company suggests the possibility, if not the probability, of peculiar risks affecting it, whether in the one, or the other, way. However occurring, if by no willful misconduct, a mere mistake, or error, in the transmission of a message would not warrant a jury in finding that there had been more than ordinary negligence. (See *Breese* v. *U. S. Tel. Co.*, 48 N. Y. 132; *Primrose* v. *W. U. Tel. Co.*, 154 U. S. 1.) The hazards attending upon the accurate performance by telegraph corporations of their function of transmitting messages are obvious and the prudential character of such regulations, as this defendant had adopted in order to guard against inaccuracy in transmission and to prevent mistakes from any cause, is evident. The importance of accuracy to the parties cannot always be apparent to the operator; but it is to the sender. Where the wording of a message is such as to be obscure in its meaning, or unintelligible to the ordinary reader, mistakes are reasonably possible in the transcribing. In any case, the regulations of the telegraph company afford the means of making accuracy reasonably certain, or of effecting insurance against mistakes.

The question in this case must be, what legal relation did the defendant sustain to the plaintiffs; or what was the measure of the duty owing by the defendant and of its responsibility for a failure in performance? Was the duty an absolute one, as claimed by the appellants; or was the undertaking one within the terms of the contract with the sender? In my opinion, the contract was binding upon the appellants and relieved the defendant of any liability beyond that stipulated for.

In the Appellate Division, it was held by a majority of the learned justices, in effect, that the defendant had the right to make the regulations, which prescribed its liability in accepting messages for transmission, and that " whether the action

is deemed to rest upon the contract of the sender, or to result from a breach of duty, the limitation of the amount of damages to be recovered being reasonable, the plaintiff has no standing to maintain this action unless he is the real principal in the action, and then only to the extent of the amount paid for the transmission of the message." The dissenting justices took the view that, as the contract of the defendant with respect to its liability was only with the sender of the message, the plaintiffs, as the receivers, were not bound by it and that their action rested on a negligent breach of the duty owing by the defendant to deliver the message as received. It was said that "telegraph companies, being under a public duty to receivers of messages, senders of messages cannot, by contract, lessen, or do away with, that duty. They may only do so in respect of the duty due to themselves."

For the decision of this case, it is unnecessary that the court should go as far as did the Appellate Division, in the prevailing opinion, in defining the general responsibility of the defendant towards the addressee of a message. It was alleged, in this complaint, that the "plaintiffs requested the Cannon Mfg. Co. * * * to send them *by wire* the prices" for the goods and such was shown to be the fact by the evidence of the plaintiffs. The Cannon Mfg. Co., therefore, in transmitting the information requested by means of the telegraph, was made the agent of the plaintiffs for that purpose. The plaintiffs, not desiring to await a communication from the Cannon Co. in the ordinary way of a letter, availed themselves of the latter's services, and authorized them, to employ the telegraph system for sending a reply. In doing so, the sender was, either, the plaintiffs' agent in making the contract with the defendant; or it made the contract for their benefit. While, in either view, the result would be the same, in so far that the plaintiffs would come under the obligation of the contract with the defendant, it is, probably, the more correct view that the Cannon Mfg. Co. acted as the agent of the plaintiffs in contracting for the conveyance of its message by a telegraph line. If that be true,

the plaintiffs must be concluded by the act of their agent. The Cannon Mfg. Co. had a reasonable latitude of action in entering into such a contract and that the terms of the contract, as made, were reasonable must be regarded as settled upon authority.

The defendant, while it may be likened to a common carrier, in its occupation of conveying messages from, and to, all persons, unlike a common carrier of goods, does not become an insurer in their transmission. Its duties are performed in a different way. The reasons for making common carriers of goods insurers of their value do not apply in the case of telegraph systems; for there is no custody of goods, and the conveyance of messages is subject to the contingencies of extraneous disturbances beyond the control of the telegraph owner, or to the fallibility of operators in transcribing by signals, or symbols, or in comprehending the message itself as written. By reason of the franchises and powers accorded to it, a telegraph corporation performs public functions and it comes under that general obligation, to which all quasi-public corporations are subject, to conduct its corporate business, and to discharge the duties incident thereto, with reasonable diligence and with a due care for the rights and interests of those concerned in the corporate operations. But, however strictly held to this general obligation, it is competent for it to make such rules and to prescribe such regulations for the conduct of its business as are reasonable. It is entitled to protect itself against the incidental hazards of operation and, by contract, to limit its liability for mistakes, or delays, or nondelivery, caused by the negligence of its servants, if not gross. (*Breese* v. *U. S. Tel. Co.*, 48 N. Y. 132; *Young* v. *W. U. Tel. Co.*, 65 ib. 163; *Kiley* v. *W. U. Tel. Co.*, 109 ib. 231; *Pearsall* v. *W. U. Tel. Co.*, 124 ib. 256–267; *Primrose* v. *W. U. Tel. Co.*, 154 U. S. 1–15.) In each of the above-cited cases, except the *Pearsall* case, the contract with the telegraph company was upon printed blanks, similar to the one which the sender of the message in question made use of. In the *Pearsall Case, (supra)*, the question passed

upon was whether the sender of a message was charge-
able with constructive notice of resolutions of the defend-
ant, limiting its liability for an unrepeated message. While
holding that mere notice was ineffectual to limit the liability
for a failure to accurately transmit — and upon that there was
a sharp division in the court — the right of a telegraph com-
pany to contract for such limitation was considered to · be set-
tled. The stipulations upon these blanks have, invariably,
been held in this state to be reasonable ; as they have been
by the United States Supreme Court and in many of the
states. The decision in the case of *Ellis* v. *Amer. Tel. Co.*,
(95 Mass. 226), largely quoted from in the prevailing opinion
below, turned upon the general right of the receiver of a tele-
graphic message to hold a telegraph company responsible for
the damage resulting from material errors occurring in the
transmission of the message. In that case, as in this, there was
an error in the quotation of a price. The Massachusetts
Supreme Court held that the liability of the telegraph company
to the receiver of the message was, generally, limited by the con-
tract upon the blank to the amount received by the company
from the sender, where the message had not been repeated.
It was held there, in effect, that the regulation adopted by the
telegraph company for the repetition of a message, in order
to guard against mistakes, was a most reasonable requisition
and that, notwithstanding the receiver had entered into no
express contract with the company, and could not be held to
have made any express stipulations with it, he could not claim
any higher, or different, degree of diligence than was stipu-
lated for between the sender of the message and the telegraph
company. This case was cited with approval, as to the gen-
eral rule, in *Pearsall* v. *W. U. Tel. Co.*, (124 N. Y. at p. 270).
If it were necessary, in this case, to determine the measure of
liability of the defendant, generally, to the receiver of a mes-
sage for the loss occasioned by some mistake, or error, in its
transmission, my personal judgment would incline me to agree
with the view of the Massachusetts court. The English
courts have refused to recognize a right of action in the

addressee of a telegraphic message for a failure to accurately transmit it, for want of any privity of contract, (*Dickson* v. *Reuter's Tel. Co.*, L. R. [2 C. P. Div.] 62), and, while that right is accorded here for negligence in performing a duty, I fail to perceive any sufficient reason why, in a case of a failure not due to gross negligence, the telegraph company should be held to a higher degree of diligence and care, than was stipulated for with the sender. But the facts of this case do not make it necessary to go so far and our decision is limited to those facts. It is our judgment that where the receiver of a message has, by a special request, procured it to be sent by the telegraph, he becomes bound by any reasonable contract made by the sender with the telegraph company for its transmission and is limited in his claim for any damages for a loss occasioned by error, or mistake, in transmission, where the stipulations for the repetition, or for the insurance, of the message have not been availed of, to the amount stipulated in the contract.

In the two cases in this court, to which our attention is directed by the appellants, nothing in their decision authorizes, or even points, to a different view of the question. In the case of *Elwood* v. *W. U. Tel. Co.*, (45 N. Y. 549), the action was brought by the receiver of the message and the defendant was shown to have been guilty of gross negligence. There was no error, nor mistake, in the message transmitted; but the fault of the telegraph company was in delivering a message purporting to be from the cashier of a bank, when it was known by the operator that that officer had not signed the telegraphic message. The telegram directed the payment of money to a person named and, when first transmitted, the message was signed, simply, in the name of the bank. The plaintiffs, to whom the message was addressed, called the attention of the telegraph company to the fact that the name of the officer of the bank was wanting. It was sent back for repetition and, as repeated, bore the name of the cashier. It was shown that the operator knew that both messages were written by a person, who was not the cashier of the bank and who was known by the same name as that of the

person to whom the telegram authorized the payment of the money. In the case of *Lowery* v. *W. U. Tel. Co.*, (60 N.Y. 198), the plaintiff was the receiver of a message and sued the defendant for a loss occasioned by reason of a change in the figures of a sum of money, which the sender asked of him. Upon receiving a larger sum from the plaintiff the sender of the telegram misappropriated it and absconded. The plaintiff recovered a judgment for his loss ; which, eventually, was reversed in this court, upon the ground that the defendant's negligence was not the natural and proximate cause of the loss sustained by the plaintiff, as the embezzlement did not naturally result from the wrong of the defendant. The terms of the sending do not appear in the report of the case and no reference is made to the subject. The appellants' reference to the printed record shows a contract governed by the law of Illinois, according to the determination made below, which differed from the law in this state. The case is of no authority upon the determination of the question in this case.

The contention of the appellants that the printed blank was insufficient to limit the defendant's liability for negligence is quite untenable. It was not necessary that the word "negligence" should be used in the stipulations of the contract. It was a sufficient protection to the defendant that the contract required a repetition of the message, or an insurance, in order to make the defendant liable for mistakes, or delays, in the transmission, or delivery, beyond the amount received for sending the same. Such mistakes, or delays, whether caused by the negligence of the defendant's servants, if not gross, as by willful misconduct, or by causes beyond its control, were covered sufficiently by the clause of the contract.

I think that the plaintiffs failed to make any case against the defendant for the recovery of the damage claimed to have resulted to them by reason of the error, or mistake, in the message, as transmitted, and the trial court was in error in submitting the case to the jury upon the theory that the stipulations on the printed blank, upon which the message was sent,

20

were not binding upon the plaintiffs. For the reasons given, I advise the affirmance of the order of reversal and that judgment absolute should be rendered against the appellants, pursuant to the stipulation in their notice of appeal, with costs to the respondent in all the courts.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Ordered accordingly.