WELD et al. v. POSTAL TELEGRAPH-CABLE CO.

(Supreme Court, Appellate Division, First Department. January 19, 1912.)

1. APPEAL AND ERROR (§ 1097*)—REVIEW—SUCCESSIVE APPEALS—FORMER DE-
     CISION AS LAW.

　　On the second appeal, the Supreme Court is estopped by its former decision and by the opinion of the Court of Appeals on all questions presented on the former appeal.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368; Dec. Dig. § 1097.*]

2. TELEGRAPHS AND TELEPHONES (§ 74*)—ERROR IN TRANSMISSION OF MES-
     SAGE—ACTION FOR DAMAGES—GROSS NEGLIGENCE—INSTRUCTIONS.

　　A charge on gross negligence, stating that the question was whether the mistake in transmission of the telegram was such as, under the contract, should not be construed as a ground of damage, or whether it was a mistake arising from the gross negligence of defendant's employés, and stating the different degrees of negligence, and that there was no such term in law as "malicious negligence," though it might exist, and that, if defendant did not exhibit such care as the circumstances demanded in the whole transaction with all its surrounding circumstances, he was guilty of "gross negligence," was not erroneous, and defendant was not entitled to an instruction that failure to exercise the care required under the circumstances of this case was not gross negligence, unless it was intentional or willful.

　　[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 77; Dec. Dig. § 74.*]

3. TELEGRAPHS AND TELEPHONES (§ 74*)—ERROR IN TRANSMISSION OF MES-
     SAGE—ACTION FOR DAMAGES—GROSS NEGLIGENCE—INSTRUCTIONS.

　　In an action against a telegraph company for damages for gross negligence in the transmission of a message, the court on defendant's request charged "that it was not the operator's duty to confirm or to repeat the message or any part of it; * * * plaintiffs were in a position to contract for repetition, but this contract did not place on defendant the obligation to repeat or confirm," and "the omission of defendant to confirm or repeat the message or any part of it is not gross negligence." Plaintiff's counsel then requested a charge "that the question whether there was a duty to confirm or repeat depends upon all of the circumstances, and the jury are to determine whether the omission to do so in connection with those circumstances amounted to gross negligence." On certain figures in the message there had been such a misunderstanding between defendant's two operators that the sender had been asked to confirm the figures and had done so. Held that, in view of the evidence, and that defendant first injected the words "confirm or repeat," the giving of the plaintiff's charge was not error, but could be held to refer to the confirming of the message by the operators, and not

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

necessarily as referring to the rehandling of the message by the method for which extra pay was required.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 77; Dec. Dig. § 74.*]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Stephen M. Weld and others against the Postal Telegraph-Cable Company. From a judgment for $39,409.74, and from an order denying motion for a new trial, defendant appeals. Affirmed.

See, also, 199 N. Y. 88, 92 N. E. 415.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

William W. Cook (Charles F. Brown, of counsel, and Ralph H. Overbaugh, on the brief), for appellant.

Turner, Rolston & Horan (Henry W. Taft, of counsel, and Gordon Knox Bell and Edward H. Blanc, on the brief), for respondents.

CLARKE, J.   This action was brought to recover damages for gross negligence in the transmissal of a telegraphic order for the sale of cotton on the New Orleans Cotton Exchange. Upon a former trial the plaintiffs had a verdict for $10,000, which was unanimously affirmed without opinion by this court. 132 App. Div. 924, 116 N. Y. Supp. 1150. The facts were fully stated on appeal. 199 N. Y. 88, 92 N. E. 415. Upon the facts passed upon on that appeal, there is no material change in the evidence upon this trial. The Court of Appeals, by Werner, J., said:

"As the original message was not 'repeated,' the learned trial court charged the jury that the conditions printed on the blank or form upon which it was sent were binding upon the plaintiffs, and absolved the defendant from liability for damages unless they were occasioned by the defendant's gross negligence. Under the unanimous affirmance by the Appellate Division of the judgment recovered by the plaintiffs, the defendant's gross negligence must be deemed to have been conclusively established, and the only question in that behalf which we have power to consider is whether the rule of liability given to the jury by the trial judge correctly states the law.  *  *  * It is therefore but right that telegraph companies should have the power to limit their liability in cases where mistakes occur through no fault on their part, or for such mistakes of their employés as will occur through ordinary negligence in spite of the most stringent regulations or the most vigilant general oversight. But manifestly this power cannot be extended further without placing the public absolutely at the mercy of those engaged in transmitting telegraphic messages. This is the reason of the rule, long since established in this state, that individuals and corporations engaged in this quasi public business cannot contract to absolve themselves from liability for their own willful misconduct or gross negligence. They may protect themselves by contractual limitations that are reasonable, but beyond that they may not go. That is the law as laid down by this court in a number of cases. Breese v. U. S. Telegraph Co., 48 N. Y. 132 [8 Am. Rep. 526]; Kiley v. Western Union Tel. Co., 109 N. Y. 231 [16 N. E. 75]; Pearsall v. Western Union Tel. Co., 124 N. Y. 256 [26 N. E. 534, 21 Am. St. Rep. 662]; Halsted v. Postal Telegraph-Cable Co., 193 N. Y. 293 [85 N. E. 1078, 19 L. R. A. (N. S.) 1021, 127 Am. St. Rep. 952].

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The cases cited all hold that a regulation limiting the liability of a telegraph company for a mistake in an 'unrepeated' message to the price paid for sending it is reasonable, but that it does not relieve such a company against the consequences of its gross negligence. The charge of the trial court in this respect was therefore clearly correct. Counsel for the defendant argues, however, that the charge was erroneous because the jury were instructed that the magnitude of the transaction affected by the mistake in the telegram must be considered in determining the degree of the defendant's negligence. We cannot agree with counsel in this criticism. It is true that the trial court referred to the importance of the transaction, but that was not improper in view of the conceded other facts which served to charge the defendant's operator with notice that the figures relating to amount and price were of the utmost significance. * * * We are of opinion, also, that the defendant's exceptions to that part of the main charge which relates to the measure of damages and the allowance of interest are not well taken. * * * The plaintiffs had the right to recover such damages as were the natural and necessary result of defendant's negligence, after the plaintiffs had exercised reasonable care in reducing their loss so far as possible. * * * According to these conditions, the difference between the price at which the plaintiffs sold and the price at which they were unable to repurchase was the fair and just measure of their damages, and, since the verdict was for a much smaller sum than that to which the plaintiffs were entitled upon that basis, the defendant has no real grievance."

The court reversed, however, upon the sole ground that the court should have submitted to the jury the question whether this was a gambling transaction or not.

[1] In the case at bar the requirement of the Court of Appeals, that the legality of the transaction should be submitted to the jury, was conformed to, and it was resolved in favor of the plaintiffs. So that it seems to me that this court is absolutely estopped by our former unanimous affirmance of the judgment, and by the opinion of the Court of Appeals, upon every question which was presented upon the former appeal. This includes the question of gross negligence, the weight of evidence, and the measure of damages. It is not open to us, if there be such a rule still existing in the law as stare decisis, to examine any of these propositions so decided, and, unless some error has crept into this record which did not appear on the prior record, our sole duty is to affirm this judgment. Appellant claims that errors in the charge require reversal.

[2] The court devoted a considerable portion of its main charge to the question of gross negligence. After pointing out the provisions of the contract appearing upon the back of the telegraph blank, and charging almost in the words of the opinion of the Court of Appeals upon the former appeal, he said:

"So that practically this case comes down to this question: Was this such a mistake as these people contracted with each other should not be construed as a ground of damage, or was it a mistake arising from the gross negligence of the defendant's employés or some one of them? If it was a mere mistake, no matter how arising, there can be no recovery by the plaintiffs; and there can be no such recovery unless you find that the mistake was caused by the gross negligence of the defendant's employé. * * * Now it is hard to define the difference between gross and ordinary or simple negligence. There are three kinds of negligence spoken of by text-writers, and, in fact, spoken of by the court. One is simple or slight negligence; another is called ordinary negligence; the third is called gross negligence."

He then gave certain illustrations, concluding:

"So there is a difference between gross negligence and the lesser degrees of negligence. In this case, a recovery can be had only for the gross negligence; and this classification of negligence as gross and ordinary and slight only indicates that under special circumstances great care and caution are required, or only ordinary care, or only slight care. If the care demanded by the circumstances of this individual case was not exercised, the case is one of negligence under either head of this classification, and a legal liability is made out when the failure is shown. Gross negligence, as is said in one of the cases, is a relative term. It is doubtless to be understood as meaning a greater want of care than is implied by the term ordinary negligence; but, after all, it means the absence of the care that was necessary under the circumstances. So that in this case you are to determine whether or not this defendant, under all the circumstances of the case as they have been laid before you, exercised the care which those circumstances required. You will take into consideration the amount of the order, the haste in which they had to transact their business, the fact that it was a day when there was a large rush of orders, and give the defendant credit for all that may be legitimately urged, not straining to find its negligence, but asking: Under all the circumstances of the case, did it, through its employés and representatives, act as prudently and as carefully as was reasonably to be expected under all the circumstances? If it did, the fact that there was a mistake does not make it liable, as I have explained to you. The mere mistake does not make it liable; and, of course, the reason is obvious. It has been shown to you in the proof here, as claimed by the defendant, that it has done all that prudent men could to insure the safe, speedy, correct forwarding of these messages; that its employés were of a high type of skill; that its appliances were of the best kind; and that in that regard it did all that it could. And the mere fact that a man may make a mistake does not of itself make the company liable. They further claim that these mistakes occur, not only by the reason of the inattention or want of care or distraction, perhaps, at the instant, of an employé, but that they are often caused by extraneous causes —lightning, rain, the contact of some foreign substance such as the limb of a tree—and that mistakes are caused by many causes, and that they do not contract nor are they obliged in law to hold their patrons harmless against mere mistakes. So that, in this case, you must first find, not only that this mistake was not caused by extraneous causes, but you must find that, if it was caused by the negligence of an employé it was that gross want of care and attention which implies a disregard of the duty imposed upon the employé and upon the company, and a disregard of the rights of those who are dealing with the company.

"Now plaintiffs claim, on the other hand, that this gross negligence is amply established by the manner of doing the business, by the fact that this is not the only mistake that occurred in this telegram, but that there were several others of minor importance, and of no importance in this case except as there may be circumstances, taken with all the other circumstances, which will aid you in determining the main question, whether or not in the sending of the dispatch there was gross negligence shown. These are all questions for you, gentlemen, to consider. * * * The Second Juror: Your honor has told us in regard to gross negligence. How about malicious negligence in this case? The Court: There is no term in law known as malicious negligence, although such a thing, I presume, might exist. There is slight negligence, ordinary negligence, and gross negligence. That is the distinction made in the law books; but in this case, gentlemen, you are to consider whether or not this defendant exhibited all the care which the circumstances demanded. If you find that the defendant did not exhibit such care as the circumstances demanded in the whole transaction, with all its surrounding circumstances, then the defendant was guilty of gross negligence, and the plaintiffs would be entitled to your verdict. * * * Counsel for the Defendant: I except to the submission of the question of gross negligence to the jury. I except to your honor's instruction to the jury that they may find gross negligence in the failure on the part of the defendant to exercise

the care required under the circumstances; and I ask your honor to charge the jury that failure to exercise the care required under the circumstances of this case was not gross negligence, unless the failure to exercise such care was intentional or willful. The Court: No, I decline to charge that. (Exception.) "

Appellant urges that the refusal to charge that failure to exercise the care required under the circumstances of this case was not gross negligence, unless the failure to exercise such care was intentional or willful, was error. The Court of Appeals on the former appeal distinctly held:

"Individuals and corporations engaged in this quasi public business cannot contract to absolve themselves from liability for their own willful misconduct or gross negligence."

The problem facing a trial judge called upon to charge upon the question of gross negligence is extremely difficult to solve. No comprehensive definition has been attempted by the courts, as they have not attempted to exactly define or limit the term "fraud." In Perkins v. New York Central R. R. Co., 24 N. Y. 196, at page 206, 82 Am. Dec. 281, E. D. Smith, J., said:

"I think with Lord Denman, who, in Hinton v. Dibbin, 2 Q. B. 661, said: 'It may well be doubted whether, between gross negligence and negligence merely, any intelligible distinction exists.' Judge Curtis (in The New World v. King, 16 How. 473, 14 L. Ed. 1019) also says: 'It may be doubted whether the term "slight, ordinary and gross negligence," can be usefully applied in practice.' The difficulty of defining gross negligence, and the intrinsic uncertainty pertaining to the question as one of law, and the other impracticability of establishing any precise rule on the subject, renders it unsafe to base any legal decision on distinctions of the degrees of negligence. Certainly before cases are made to turn by the verdict of juries, upon any such distinction, the judges should be able to define, with some precision, what they mean by gross negligence, slight negligence, and ordinary negligence. It will be seen on examining the many cases reported, where the question has arisen, that this has been found utterly impracticable by the judges, when called upon to instruct juries on the question, and also when called on to declare the law more carefully in bank. Negligence is essentially always a question of fact, and every case depends necessarily upon its own particular circumstances. What is negligent in a given case may easily be affirmed by a jury; but in what degree the negligence consists, in any scale of classification of degrees of negligence, is not so easily determined—will ordinarily be a matter of pure speculation and of no practical consequence."

In 1 Thompson on Negligence, § 18, it is said:

"It is plain that such refinements can have no useful place in the practical administration of justice. Negligence cannot be divided into three compartments by mathematical lines. * * * The sound view is that the classification of negligence as gross, ordinary, and slight indicates only that, under special circumstances, great care and caution are required, or only ordinary care, or only slight care."

I am unable to predicate error upon this portion of the charge. The defendant was certainly not entitled to the specific charge requested, and I am unable to perceive how the court could have presented the question of gross negligence to the jury more clearly. It was a question of fact, and it did depend upon all the circumstances of the case.

[3] In passing upon the specific requests to charge the following:

"The Court: I am requested by the defendant to charge you that it was not the duty of the defendant or its operators either to confirm or to repeat the message or any part of it. You will remember that it has been suggested to you that these plaintiffs were in a position to enter into a contract with the defendant by which the defendant would repeat the message for half of the original price, in addition to the price paid. That was up to the plaintiffs, if they wanted it repeated; but this contract did not place upon the defendant the obligation to repeat or confirm the dispatch. It simply agreed to send it on under the rules of law which I have stated to you. Counsel for Defendant: The next is the eighteenth request. The Court: Yes. The omission of the defendant or its operators to confirm or repeat the message or any part of it is not gross negligence. * * * Counsel for Plaintiffs: If your honor please, in connection with the two charges which you have just made in relation to the duty to confirm and repeat, I ask your honor to charge in connection with those that the question whether there was a duty to confirm or repeat depends upon all of the circumstances of the case, and is to be considered by the jury in connection with all the circumstances; and they are to determine whether the omission to do so in connection with those circumstances amounted to gross negligence. The Court: I will so charge, and give Judge Brown an exception."

The consideration of these two requests must start with the understanding that it was the defendant who, in the first instance, injected into the language of the court the words "to confirm *or repeat*" the message or any part of it, and that the court, charging the request, said *this contract* did not place upon the defendant the obligation to repeat or confirm the message, whereupon the defendant pressed the next request "the omission of the defendant or its operators to confirm or repeat the message or any part of it is not gross negligence." Now that was quite true. The contract in and of itself did not require confirmation or repeating. A failure to confirm or repeat in and of itself does not, *as a matter of law*, constitute gross negligence, so that it was quite proper for the court to charge both of those requests at the defendant's instance. Assuming that to be the law, the plaintiffs proffered their request in order to make the judge's charge in this respect conform to all of the previous charges, where he had in response to many specific requests of the defendant said that the one particular thing after another pointed out was not in and of itself gross negligence or proof of it, as for instance as to the omission of the letters "N. O." "If that were the only thing that was on this dispatch to show negligence, then that would not be proof of negligence, but that is one item which you will take into consideration with all of the other circumstances in arriving at a conclusion as to whether or not there was gross negligence." So here, after this long main charge and many requests, the plaintiffs simply attempted to put this request of defendants in the same category as the others, where the defendant had gone into separate items and, using the language of the defendant, counsel said:

"In connection with the two charges in relation to the duty to confirm and repeat, I ask your honor to charge in connection with those that the question there was a duty to confirm or repeat is to be considered in connection with all the circumstances of the case," etc.

I have reached the conclusion that, in view of the main charge and the previous request of the defendant, the charging of this request

was not reversible error. The case was not being tried upon any specific item. It was quite proper in the first instance to charge that gross negligence could not be found upon any one of the specific details of the whole transaction, but that it was the duty of the court to leave to the consideration of the jury all the details making up the picture of the transaction as it occurred, and that it was for them to say whether from all of those details they were able to find that the defendant had been guilty of gross negligence.

It was in evidence that on the figures 20 there had been such a misunderstanding between the two operators that New York had been asked to confirm and had done so, and, when this last request used the language "confirm or repeat," I do not think that it can be held that it referred to the full form of repeating a message which had been testified to as meaning the rehandling of the message by four operators, instead of two, for which the sender paid extra, but rather meant to confirm or repeat as between the operators, which had been shown in many instances to have been the custom, for their mutual understanding. A word or a line should not be taken out of the case and undue force and effect given to that which, standing by itself, might be regarded as improper when the whole charge and all that occurred shows clearly that the jury could not have had any doubt that all the facts and circumstances surrounding the sending and receiving of this message were submitted to them, and it was for them to say whether, upon all the evidence, they were satisfied that the defendant was guilty of that gross negligence upon which, alone, they could find a verdict for the plaintiffs.

The judgment and order appealed from should be affirmed, with costs and disbursements to the respondents.

SCOTT and MILLER, JJ., concur. INGRAHAM, P. J., dissents. LAUGHLIN, J., dissents on the exception to the charge that the jury might find that defendant should have repeated the message.