.Ricpiards, J.
Suit was brought in the court of common pleas by Jones to recover damages of The Postal Telegraph-Cable Company in the amount of $240, arising from an error in the transmission of a telegraphic night-letter message. The trial resulted in a verdict and judgment in the sum of $75, and to reverse this judgment this proceeding in error is brought.
*91 Jones was dealing in onions at McGuffey, Ohio, and desired to quote a price on same to Weinberg Brothers at Galesburg, Illinois, and in order to accomplish this purpose he telephoned the operator of the defendant company at Lima and dictated to him the message that he wished to have sent. That message as dictated over the telephone reads as follows:
“McGuffey, O., 8-31-13.
“Weinberg Bros.,

“Galesburg, Ills.

“Offer car white onions two twenty-five cwt. sea grass bags delivered quick shipment subject prior sale
“J. A. Jones.”
The message as delivered to Weinberg Brothers in Galesburg, Illinois, stated the price at one twenty-five per hundred weight instead of two twenty-five per hundred weight as stated in the original message.
The message was accepted at the office of the defendant company in Lima at night, as a night lettergram, and was not repeated, nor was it asked to be repeated. The blank on which it was written by the operator at Lima contains a request' that the same should be sent as a night lettergram without repeating, and subject to the conditions printed on the back, which are stated to be agreed to. On the back of the blank among other conditions is found the following:
. “1. The company shall not be liable for mistakes or delays in the transmission or delivery, *92 or for non-delivery of any unrepeated night letter-gram beyond the amount received for sending the same; nor for mistakes or delays in the transmission or delivery, or for non-delivery, of any repeated night lettergram beyond fifty times the sum received for sending the same, unless specially valued and insured.”
The plaintiff testified on the trial of the case that he expected this message to be sent as a night lettergram on the regular blank used for that purpose by the company, and that he was familiar with the methods of doing that business, as he has been a frequent patron of the company and had himself been a telegraph operator for the period of seventeen years. He must, under these circumstances, be held to have had full knowledge of the terms and conditions contained on the blanks used by the company for the transmission of night lettergrams and to have assented thereto.
Contention, however, is made by counsel for Mr. Jones that this condition is invalid, and the principal question is whether that is to be determined by the state, or by the federal, law. Of course, if the terms and conditions are valid and binding, the amount of recovery could be only the sum paid for the transmission of the message, which was fifty cents. In furtherance of the enforcement of that limitation counsel for the company asked the,trial judge to charge the jury before argument as follows:
“Gentlemen of the jury, if you find from the evidence that J. A. Jones sent defendant’s 'Exhibit ‘J’ to Weinberg Brothers from Lima, Ohio, to Galesburg, Illinois, or caused the same to be signed *93 for him and sent for him, I charge you as a matter of the law that the defendant is not liable for mistakes or delays in the transmission, or delivery or for non-delivery of any unrepeated night letter-gram beyond the amount received by defendant for sending the same.”
The court refused to give this instruction to the ' jury.
Section 1 of the Interstate Commerce Act,, as amended June 18, 1910 (36 U. S. Stats, at Large, 544-545), provides that the act shall apply “to telegraph, telephone, and cable companies (whether wire or wireless) engaged in sending messages from one state, territory, or district of the United States, to any other state, territory, or district of the United States or to any foreign country.” This act further provides for reasonable charges for such services, and authorizes classification of such messages. We have no doubt that congress by enacting this statute has asserted complete control over the transmission and delivery of interstate messages, and congress having so occupied this field brought the interstate business of such companies within the jurisdiction' of the federal courts and left no room for the control of that business by the separate states. The entire field of the business of interstate messages is brought fully within the control of the federal law and is to be determined thereby as much so' as is the liability of a railroad when one of its employes is injured, where the company and the employe are both engaged in interstate commerce in transacting the business in which the employe is injured. In determining, therefore, whether the limitation *94 of liability contained on the form of night letter-gram used by the company is valid we must look to the holdings of the federal courts on that subject.
The matter was fully considered by the supreme court of the United States in Primrose v. Western Union Telegraph Co., 154 U. S., 1, where a stipulation, contained on the message, that the company should not be liable for mistakes in the transmission or delivery of the message beyond the sum received for sending it, unless the sender should order the message to be repeated and pay half that sum in addition, was held to be reasonable and valid. It is true that the message which was transmitted in that case was written in cipher and that the company was not advised of the import thereof, and some stress is laid on this fact in the course of the opinion. But it is also true that the opinion of the court delivered by Mr. Justice Gray relies very largely on cases where the messages transmitted were not in cipher and where the courts had reached in such cases a conclusion that the limitation was valid.
The case was cited with approval in Western Union Telegraph Co. v. James, 162 U. S., 663. It is also cited in Box v. Postal Telegraph-Cable Co., 91 C. C. A., 174; and in this latter case the circuit court of appeals states that the Primrose case settles the validity and binding effect of the rule in question and is an answer to all authorities which hold that the limitation is void as against public policy.
Among the authorities relied upon by the supreme court of the United States in the Prim *95 rose case cited supra are decisions of the court of appeals of New York. Since that decision the New York courts have had the question before them in various forms, one of the latest cases being Weld et al. v. Postal Telegraph-Cable Company, 199 N. Y., 88, in which the court say that the trial court properly charged the jury that the conditions printed on the blank or form upon which the message was sent were binding upon the plaintiffs and absolved the defendant from liability for damages unless they were occasioned by the defendant’s gross negligence.
Following, therefore, the holdings of the federal courts and the state authorities approved by the federal courts, we reach the conclusion that the limitation of liability contained on the printed form of the night letter used in transmitting the message is valid and binding, and that the extent of liability thereon is the amount paid for the transmission of the message. The trial court in its charge should have given to the jury the instruction which was requested.
The rule of the federal courts excludes liability except in cases of gross negligence or wilful misconduct on the part of the company. The only error in transmitting the message was in substituting the word “one” for the word “two,” and that alone does not tend to show either gross negligence or wilful, misconduct upon 'the part of the company. See Holsted et al. v. Postal Telegraph-Cable Co., 193 N. Y., 293, 19 L. R. A., N. S., 1021, and Wheelock v. Postal Telegraph-Cable Co., 197 Mass., 119.
*96 That the authorities are utterly irreconcilable is clearly shown in 37 Cyc., 1684, where they are collected. This condition of the authorities makes it absolutely necessary in deciding a case of this character to determine whether, the same is controlled by the federal or state authorities. The message being an interstate one is clearly controlled by the federal law.
It follows that the judgment for seventy-five dollars rendered in favor of the plaintiff below should be modified; and it is the order of the court that the same be modified by reducing it to fifty cents, and as so modified it will be affirmed; each party to pay his own costs.

Judgment modified, and affirmed as modified.

Chittenden and Kinkade, jj., concur.
Judges of the Sixth Appellate District, sitting in place of Judges Crow, Kinder and Hughes of the Third Appellate District.