NEW YORK FRUIT MARKET, a Copartnership Composed of CLEON ALEXANDER and Others, Respondent, *v.* THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

Third Department, December 29, 1919.

**Telegraphs and telephones — negligence — failure of telegraph company to transmit message correctly — rights of receiver of message measured by those of sender — contract limiting liability of telegraph company — gross negligence essential to recovery — mistake as to price of goods.**

Where a vendor sends a telegraphic message stating prices of goods, the liability of the telegraph company to the vendee who orders goods in reliance on the telegram is measured by the terms of the agreement between the vendor and the telegraph company. The vendee's right of recovery against the telegraph company for damages caused by a mistake in the message is derived through the vendor and the vendee has no other or greater right than it had.

Where the terms printed on the telegraph blank provided that the company should not be liable for mistakes in the transmission or delivery of unrepeated telegrams beyond the amount received for sending the same and

should not in any event be liable for damages for any mistakes whether caused by the negligence of its servants or otherwise beyond the sum of fifty dollars unless a greater value be stated in writing at the time of the telegram and an additional sum based on such value be paid or agreed to be paid, the recipient of the telegram can only recover for damages caused by a mistake of the company in transmitting the message on proof of gross negligence and cannot recover because of a mere mistake or error not amounting to more than ordinary negligence.

Where the telegram as delivered to the telegraph company by the vendor addressed to the vendee quoted fruit at five dollars per hundredweight, but the telegram as delivered to the vendee gave the price at four dollars, on which basis the vendee resold the goods before discovering the error, there is no gross negligence warranting a recovery from the telegraph company beyond the price paid for the message.

Woodward, J., dissents.

Appeal by the defendant, The Western Union Telegraph Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Washington on or about the 11th day of March, 1919, upon the report of a referee appointed to hear and determine the issues.

*Albert T. Benedict* and *Francis Raymond Stark* [*Joseph L. Egan* of counsel], for the appellant.

*Milford D. Whedon,* for the respondent.

Lyon, J.:

On the 25th day of June, 1918, the Atlantic Fruit Company delivered to the defendant for transmission to the plaintiff at Granville, N. Y., a telegraphic message reading: " New York. To N. Y. Fruit Mkt. Granville, N. Y. Jamaica cargo Thursday or Friday, price five dollars, this fruit intended for fourth of July trade. How many bunches sevens do you want. Atlantic Fruit Co." The telegram was typewritten upon one of defendant's blank forms which read, " Send the following telegram subject to the terms on back hereof which are hereby agreed to." On the back thereof, so far as material, was the following: " All telegrams taken by this Company are subject to the following terms: To guard against mistakes or delays, the sender of a telegram should order it *repeated,*

that is, telegraphed back to the originating office for comparison. For this, one-half the unrepeated telegram rate is charged in addition. Unless otherwise indicated on its face, *this is an unrepeated telegram and paid for as such,* in consideration whereof it is agreed between the sender of the telegram and this Company as follows: 1. The Company shall not be liable for mistakes or delays in the transmission or delivery * * * of any *unrepeated* telegram, beyond the amount received for sending the same. * * * 2. In any event the Company shall not be liable for damages for any mistakes or delays in the transmission or delivery * * * of this telegram, whether caused by the negligence of its servants or otherwise, beyond the sum of *fifty dollars,* at which amount this telegram is hereby valued, unless a greater value is stated in writing hereon at the time the telegram is offered to the Company for transmission, and an additional sum paid or agreed to be paid based on such value equal to one-tenth of one per cent thereof."

The telegram was accepted and transmitted as an unrepeated message and the sender paid the company the sum of sixty-six cents therefor. · No value was stated in writing when the telegram was offered for transmission, and no additional sum paid or agreed to be paid based upon a greater value than fifty dollars. The telegram was transmitted and delivered to the plaintiff in due course, but with the change of the word " five " to " four." Upon receipt of the telegram the plaintiff ordered a car of bananas of the Atlantic Fruit Company and proceeded to sell the same based upon a price of four dollars per hundredweight at New York. The Atlantic Fruit Company shipped the plaintiff a car of bananas consisting of 550 bunches weighing 18,520 pounds. The car arrived at Granville, N. Y., June 30, 1918, and the invoice for the same arrived on the evening of July first. Plaintiff had no knowledge that any error had been made in transmitting the telegram until it received the invoice. After the receipt thereof it paid the senders of the message $5 per hundredweight and freight, or a total of $1,005.64. Before learning of the mistake it had sold all the bananas and delivered two-thirds thereof. The plaintiff received upon the sale of the bananas $1,085.16, and the cost thereof, including the

freight from New York, the cost of selling, and the expense of delivery, was $1,328.34.

The referee found that the sales made by the plaintiff were made at $1 per hundredweight less than they would or could have been sold at that time, and that such sales were made at such price because of the error in transmitting the telegram. He also found that the telegram filed in New York was typewritten and perfectly plain and legible, and if the mistake was made in New York, that it was gross negligence; that the telegram was sent by the use of the Morse code; that the symbols or characters for the words " four " and " five " were so dissimiliar and different that to change, in receiving, the word " five " to " four " was such a lack of care, diligence and attention as to and does constitute gross negligence. He also found the plaintiff suffered damage by reason of the mistake in the transmission of the message, due to the gross negligence of the defendant, in the sum of $185.20, and that said loss was not due to negligence of any kind on the part of the plaintiff, and directed the entry of judgment in favor of the plaintiff against the defendant for $185.20, with costs. From the judgment entered thereon, the defendant has taken this appeal.

The duty of the defendant to transmit the message arose out of the contract it made with the Atlantic Fruit Company. Its liability was measured by the terms thereof and the principles of law applicable thereto, and the plaintiff's right of recovery is derived through the Atlantic Fruit Company, and it has no other or greater right than it had. A receiver of a telegram may recover against a telegraph company where it is shown to have been guilty of gross negligence in transmitting a message. (*Halsted* v. *Postal Telegraph-Cable Co.*, 193 N. Y. 293, 303; *Weld* v. *Postal Telegraph-Cable Co.*, 210 id. 59, 67.) The finding that the defendant was guilty of gross negligence was not warranted by the facts disclosed by the evidence. (*Kiley* v. *Western Union Telegraph Co.*, 109 N. Y. 231; *Weld* v. *Postal Telegraph-Cable Co.*, *supra; Halsted* v. *Postal Telegraph-Cable Co.*, *supra.*) In the latter case it was said: " Whether such changes were the inadvertent or mistaken act of the receiving operator, or of any operator at the relay station, or whether they were the result

Third Department December, 1919.        [Vol. 190.

of atmospheric disturbances, * * * is not material. * * * However occurring, if by no wilful misconduct, a mere mistake or error in the transmission of a message would not warrant a jury in finding that there had been more than ordinary negligence."

In the case of *Weld* v. *Postal Telegraph-Cable Co. (supra)* the change of " 70 " to " 07 " in an order to sell cotton was not considered to be gross negligence. The court says: " The change from '12.70' to '1207' arose in the New Orleans exchange by some negligence on the part of the operator there, but facts sufficient to disclose a case of gross negligence upon his part were not established." " It had provided means for forwarding a repeated or confirmed telegram, but under the terms of the contract with plaintiffs it was not required to repeat or confirm the message." " The cases recognize a distinction between ordinary and gross negligence, from which it may be said that gross negligence is the commission or omission of an act or duty owing by one person to a second party which discloses a failure to exercise slight diligence. In other words, the act or omission must be of an aggravated character as distinguished from the failure to exercise ordinary care."

It was not shown what operator made the mistake. Plaintiff's counsel stated: " I am not going to attempt to prove that he [the operator at Granville] made the mistake. It is beyond me to prove which one made it." The only substantial difference in the two words " five " and " four " in the use of the Morse code is in the last letter of each. The letter " e " is a dot. The letter " r " is a dot, a space and two dots; while the letter " v " is three dots and a dash. The letter " u " is two dots and a dash. The plaintiff's witness testified that an operator could very easily make a mistake on a " v " and on a " u;" that his instrument might not record one dot. If the instrument could very easily make a mistake in recording one dot, might it not very easily make a mistake in not recording the two dots in the " r? " It was to guard against such mistakes that the defendant provided the opportunity at a small expense to protect persons doing business with it from possible loss. The sender of the telegram did not see fit to avail itself of this privilege.

The judgment should be modified by reducing the plaintiff's damages to sixty-six cents with interest from June 25, 1918, and the judgment as so modified affirmed, without cost of this appeal.

All concur, except WOODWARD, J., who dissents and votes for affirmance.

Judgment modified by reducing the plaintiff's damages to sixty-six cents, with interest from June 25, 1918, and the judgment as so modified affirmed, without costs of this appeal. The court disapproves of the following findings of fact: 16, 17, 18, 19, 20, 21, 22, 23. The court finds that defendant was guilty of negligence in transmitting the telegram but not of gross negligence.